MARY E. CARLON, APPELLANT, v. CITY SAVINGS BANK, APPELLEE.

FILED NOVEMBER 6, 1908. No. 15,335.

1. **Corporations: REORGANIZATION.** The Omaha Loan & Trust Company Savings Bank by an amendment to its articles of incorporation changed its name to the "City Savings Bank." The then stockholders sold their stock to other parties, who surrendered the same and obtained new certificates of stock. The business was thereafter continued under a newly appointed set of officers; the management of the institution being entirely changed. *Held*, That such change did not change the legal entity of the corporation.

2. **Landlord and Tenant: POSSESSION: QUESTION FOR JURY.** A mortgagor of certain real estate executed an assignment of the rents and profits arising therefrom to the mortgagee, a corporation. The writing evidencing such assignment contained the clause following: "Giving and granting to the Omaha Loan & Trust Company Savings Bank full and complete authority and control of said premises as I could or would have if personally present, with full authority to enter into and take full possession thereof, and to rent and lease the same to such person or persons and on such terms, either in my name or in his name as to it shall seem proper, to the following end and purpose, to wit: Said Omaha Loan & Trust Company Savings Bank shall apply all sums collected under and by virtue hereof, first, to the payment of all legal taxes and assessments levied upon said real estate; second, to the payment of all sums necessary to keep improvements in proper condition for successful renting; third, to the payment of the interest on the two mortgages above described; and fourth, to the payment of the principal debts secured by said mortgages."

The evidence tends to show that the assignee through an agent rented the premises to the plaintiff in the action. *Held,* That there was evidence sufficient to submit to the jury the question whether or not the assignee had taken control and possession of the premises.

3. ———: REPAIRS: LIABILITY FOR INJURIES. While the landlord, in the absence of an agreement so to do, is not usually required to keep rented premises in repair, still if he volunteers to make repairs he will be liable for damages sustained by the tenant, who, without fault on his part, is injured in consequence of the negligent manner in which the repairs are made.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed.*

*E. C. Hodder* and *H. H. Bowes,* for appellant.

*William Baird & Sons, contra.*

DUFFIE, C.

The petition in this case charges that the defendant was the owner of a certain lot in the city of Omaha, and that her husband had rented the premises and was in possession of same as a tenant. It further charges that there was a cistern on the lot, located between the dwelling-house and an outhouse; that a board sidewalk extending from the rear of the dwelling to the outhouse covered the cistern; that the existence of the cistern was unknown to the plaintiff until some time in March, 1903; that she immediately notified the bank, and it caused the cistern to be filled with frozen dirt and manure; that after the dirt thawed and the manure rotted the filling settled about four feet; that afterwards, and in the month of September, 1903, while going from the house to the outhouse on the walk which had been replaced over the cistern after the same was filled, one of the boards, because of its rotten condition, broke and precipitated her into the cistern, breaking the bones of one of her legs near the ankle. After the plaintiff had presented her evidence and rested, the district court directed a verdict for the defendant, and from a judgment entered thereon plaintiff has appealed.

While not fully advised as to the ground upon which the trial court directed a verdict, we understand it was upon the theory that the defendant did not own the lot at the time of the accident complained of, and was not in possession. or control thereof. That the defendant was, not the owner of the lot is plainly established; but whether it had possession and control thereof is, we think, a question for the jury. Some time previous to September, 1904, James A. Handy purchased the lot, assuming a $1,400 mortgage given by the former owner to the Omaha Loan & Trust Company Savings Bank. In September, 1894, Handy executed a second mortgage to the Omaha Loan & Trust Company Savings Bank for $240, and on the 26th of December, 1895, executed to that bank an instrument assigning to the bank the rents of said property. After reciting the existence of two mortgages in favor of the bank, and assigning to it the rents of the property, the instrument continues as follows: "Giving and granting to said Omaha Loan & Trust Company Savings Bank full and complete authority and control of said premises as I could or would have if personally present, with full authority to enter into and take full possession thereof, and to rent and lease the same to such person or persons and on such terms, either in my name or in his name as to it shall seem proper, to the following end and purpose, to wit: Said Omaha Loan & Trust Company Savings Bank shall apply all sums collected under and by virtue hereof, first, to the payment of all legal taxes and assessments levied upon said real estate; second, to the payment of all sums necessary to keep improvements in proper condition for successful renting; third, to the payment of the interest on the two mortgages above described; and, fourth, to the payment of the principal debts secured by said mortgage." It is conceded that there were two corporations in the city of Omaha, one known as the Omaha Loan & Trust Company, and one as the Omaha Loan & Trust Company Savings Bank, and the evidence establishes that the majority of the stock of the savings

bank was owned by the Omaha Loan & Trust Company. It was further shown by one of the former employees of the Omaha Loan & Trust Company that that company had charge of all the real estate of the savings bank. It further appears from the evidence of this witness that the instrument by which Handy assigned to the bank the rents of the property was delivered to the bank, but the renting of the property was in charge of the trust company. It further appears from the evidence of the plaintiff that the lot was rented from one O'Neil, who had charge of the rental department of the trust company in 1902.

Defendant claimed on the oral argument that the defendant, the City Savings Bank, is a corporation entirely separate and apart from the Omaha Loan & Trust Company Savings Bank; that it was organized to purchase the last named corporation, and did so, and took over its assets, but that its officers and stockholders are parties who had no connection with the Omaha Loan & Trust Company Savings Bank. Whether this, if established, would relieve the defendant from liability in this action, provided the Omaha Loan & Trust Company Savings Bank, if continued under its original name, would be liable, we are not required to determine as we do not think the evidence in the record supports the claim made. A former secretary and present director of the defendant testified that the City Savings Bank was formerly known as the Omaha Loan & Trust Company Savings Bank; that the defendant company took the business of the Omaha Loan & Trust Company Savings Bank and carried it on in the name of the City Savings Bank; that the change was made in 1901. On cross-examination he testified that the articles of incorporation of the old bank were amended, and its management was different; that the new stockholders bought the stock of the old bank, and that new stock was issued in lieu thereof. This testimony is supported by paragraph 8 of a petition filed by the defendant bank in an action to foreclose the Handy mortgage. It is in the following language: "That the stockholders of plaintiff

amended its articles of incorporation on the 30th day of November, 1901, whereby plaintiff's name was changed from Omaha Loan & Trust Company Savings Bank to City Savings Bank, notice of which action was published as required by law, and a copy of said amendment filed in the office of the county clerk of Douglas county." From the evidence before us, we can come to no other conclusion than that the defendant, the City Savings Bank, is in fact the old Omaha Loan & Trust Company Savings Bank acting under a different name authorized by an amendment to its articles of incorporation. That its officers and stockholders have changed does not change its corporate character or existence.

It is also urged on behalf of the defendant that the landlord is under no obligations to keep rented premises in repair, in the absence of an express stipulation binding him to do so. That this is the general rule will not be controverted, and, without giving any force whatever to that clause of the instrument assigning rents, which requires the Omaha Loan & Trust Company Savings Bank to apply a portion of the rents to keep the improvements in a proper condition, we think it evident that a land-lord who volunteers to make repairs upon his rented premises should be held to the exercise of such care in that regard as will not endanger the tenant. One cannot escape liability for negligence in making repairs, from which another suffers, by showing that he was under no legal obligation to do the work.

We conclude, on the whole case, that there was sufficient evidence to submit to the jury the question whether or not the City Savings Bank had possession of the leased premises in 1903, when the accident occurred, and whether the filling of the cistern and replacing the walk over the same was so negligently done as to cause the accident from which the plaintiff suffered.

We recommend a reversal of the judgment and remanding the cause for further proceedings.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.