MARY E. CARLON, APPELLEE, v. CITY SAVINGS BANK, APPELLANT.

FILED DECEMBER 23, 1909.   No. 16,377.

1. **Appeal**: REFUSAL TO DIRECT VERDICT: LAW OF CASE. Where, on an appeal from a directed verdict in favor of the defendant in a personal injury case, this court has held that the cause should have been submitted to the jury on its merits, and the evidence upon a second trial is practically the same as on the first trial, upon a second appeal such holding will be treated as the law of the case; and error cannot be predicated on a refusal of the trial court to again instruct the jury to return a verdict for the defendant.

2. ———: EVIDENCE. In such a case it cannot be urged that the evidence is insufficient to sustain a verdict for the plaintiff.

3. ———: INSTRUCTIONS: HARMLESS ERROR. An unnecessary or inappropriate instruction is not a ground for reversal, unless it is shown to have worked an injury to the rights of the complaining party; and where it is apparent that the giving of the instruction was not in any manner prejudicial to the rights of such party, the giving of such an instruction will be held to be error without prejudice.

4. **Landlord and Tenant**: INJURY TO TENANT: INSTRUCTIONS. In a personal injury case where the plaintiff has introduced substantial evidence showing that the injuries complained of are of a permanent nature, it is not error to instruct the jury that "the plaintiff is entitled to recover for physical pain and mental suffering, if any, which the evidence shows she has endured, or which it is reasonably certain from the evidence she will endure in the future as a natural and direct result of such injuries, taking into consideration the age of the plaintiff at the time the accident happened and her reasonable expectancy of life."

5. **Appeal**: INSTRUCTIONS. Other instructions examined, discussed in the opinion, and *held* to have been properly given.

6. ———: REFUSED INSTRUCTIONS. Where the trial court has, upon his own motion, properly instructed the jury upon all of the issues involved in a case, it is not error to refuse additional instructions requested by either party.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Affirmed.*

*William Baird & Sons,* for appellant.

*H. H. Bowes* and *E. C. Hodder,* contra.

BARNES, J.

This was an action to recover damages for personal injuries sustained by the plaintiff by reason of the alleged negligence of the defendant bank in making repairs to premises occupied by her as its tenant. The case is here on a second appeal. Our former opinion is reported in 82 Neb. 582, where the facts are fully set forth. At the close of the first trial in the district court the jury were directed to return a verdict for the defendant, and from a judgment rendered thereon the plaintiff appealed. By our former opinion it was held that the cause should have been submitted to the jury on its merits. The judgment of the district court was therefore reversed and a new trial was awarded. On the second trial in the district court the jury returned a verdict for the plaintiff, judgment was rendered thereon, and the defendant has brought the case here by appeal.

Among defendant's assignments of error we find the following: "First. The verdict of the jury and judgment are not sustained by the evidence, and are contrary to the law and evidence. Second. The court erred in overruling the defendant's motion to instruct the jury for it at the close of the testimony." These assignments will be considered together. The evidence contained in the present bill of exceptions is practically the same as that which was before us upon the former appeal. Indeed, if there is any difference the plaintiff has strengthened her

case. However, the defendant still contends that there is no evidence which shows or tends to show that the bank made the repairs in question. An examination of the bill of exceptions discloses that the plaintiff testified that she paid the rent to the bank on the 19th day of March, 1903, and this fact is admitted by defendant's witnesses; that in less than a week thereafter she discovered that there was an old cistern concealed under the walk between the kitchen and outhouse, situated on the premises; that she considered it a source of danger, and immediately went to the bank and notified Mr. Badgerow, to whom she paid the rent, and who was at that time acting as its assistant treasurer, of the dangerous condition of the premises, and requested that they be repaired; that the same day Mr. Badgerow came down to the house and employed a workman to fill the cistern and replace the sidewalk, which was accordingly done. Badgerow admits that he collected the rent for the defendant bank, but denies that plaintiff notified him of the existence of the danger, and requested the making of the repairs. As there was a conflict of evidence upon this point the question was one for the jury. It was so held in our former opinion, and is now the law of the case so far as this part of the controversy is concerned. There seems to be no reason for setting aside our former judgment upon this point, and therefore the trial court did not err in refusing to instruct the jury to return a verdict for the defendant.

It is also contended that the district court erred in giving his fourth instruction to the jury, which reads as follows: "You are instructed that if you find from the evidence that the repairs in question were made by some employee of William K. Potter, receiver of the Omaha Loan & Trust Company, then you must determine whether said receiver was at that time acting as agent of the defendant bank or was acting solely for the Omaha Loan & Trust Company as holder of the second mortgage upon said premises, and unless you find by a preponderance

of the evidence that said Potter was acting for the defend-
ant bank, in part at least, then your verdict should be
for the defendant." An examination of the record dis-
closes that the defendant bank took over the mortgage
on the premises in question and the assignment of the
rents thereon from its predecessor, the Omaha Loan &
Trust Company Savings Bank, and thereby became, in
effect, a mortgagee in possession. It also appears that
some time in the year 1901 the Omaha Loan & Trust Com-
pany, which was the agent of the Omaha Loan & Trust
Company Savings Bank, became insolvent, and that
Potter was at that time appointed as receiver thereof;
that for a time, as such receiver and agent for the defend-
ant bank, he collected the rent for the premises in ques-
tion. But it also appears, as above stated, that before
the repairs were made the defendant bank had taken
charge of the property and was collecting the rent. Under
this state of facts it was unnecessary for the court to
give the instruction complained of, but we are unable
to see how it could have operated in any manner to the
prejudice of the rights of the defendant. On the other
hand, it injected into the inquiry an element which, if at
all prejudicial to any one, could have only operated to
the prejudice of the plaintiff. Therefore the giving of
the instruction, if error at all, must be held to be error
without prejudice.

Complaint is made of the fifth instruction, whereby the
jury were told, in substance, that in ascertaining what
damage, if any, the plaintiff had sustained by reason of
her injuries, they were to take into consideration the
character and extent of such injuries, as shown by the
evidence; whether such injuries, or any thereof, were per-
manent or temporary only; her physical pain and mental
suffering, if any, which the evidence showed she had
endured, or which it was reasonably certain from the
evidence she would endure in the future, as the natural
and direct result of such injuries, taking into considera-
tion the age of the plaintiff at the time the accident

happened, and her reasonable expectancy of life; and it is insisted that the nature of the injuries disclosed by the evidence were not such as to authorize the giving of this instruction. We find, however, considerable evidence in the record that the plaintiff's injury was of a permanent character; that it was perhaps possible to remove such permanency by means of a surgical operation, but that without submitting herself to the suffering and dangers attendant upon such an operation the injury would remain permanent. In this view of the case, we think the instruction was a proper one, and therefore cannot be urged as a ground of reversal.

Complaint is made of the fifth instruction given at the request of the plaintiff, by which the jury were told: "Ordinarily a landlord is under no obligation to repair premises unless he has contracted so to do; but, where a landlord assumes to repair premises, he must make such repairs in a reasonably careful and safe way, so as to render such place reasonably safe for the occupants or persons lawfully upon said premises. Especially is this true when said repairs are concealed and hidden from view." It will be observed that the instruction follows the rule announced in our former opinion in this case. But it is claimed that the closing sentence of the instruction should not have been given as a part thereof because it does not reflect the condition of the evidence. We do not so understand the record. It appears, without dispute, that the sidewalk, as it originally covered the old cistern, concealed its existence, so that it was only discovered when the plaintiff attempted to recover some marbles for her children, which they had lost under the walk. It follows that, when the filling was completed and the walk replaced, it would again obstruct the view of the cistern and conceal its condition, so that without special examination, such as removing or lifting a portion of the walk, the plaintiff would be unable to ascertain whether the material with which the cistern had been filled had settled or not. Again, the evidence shows that,

when the walk was replaced, looking at it from the upper side, no one would suspect that it was in such a condition as to give way and precipitate one attempting to use it into the cistern. So, in view of the evidence, it seems to us that the instruction complained of was a proper one.

Complaint is also made of the refusal of the trial court to give the sixth instruction requested by the defendant, which submitted to them the question of contributory negligence. So far as we are able to understand the record, there was no evidence before the jury which would support the theory of this instruction, although it appears that the court properly instructed the jury on that question on his own motion.

Error is assigned for the refusal of the trial court to give the eighth instruction requested by the defendant. This instruction relates to the question of proximate cause, and reads as follows: "You are instructed that the proximate cause of an injury is that which directly causes or contributes to the injury, and, if you find from the evidence that the giving way of the sidewalk in question was the proximate cause of the plaintiff's injury in this case, she is not entitled to recover, unless you further find that the walk was defective at the time the cistern in question was filled, and that it was placed back over the cistern in a. defective condition, and further find from the evidence that the defendant negligently filled the cistern and replaced the walk over the same in a defective condition." An examination of the instructions given by the court upon his own motion discloses that the jury were properly instructed upon all of the questions at issue, including those covered by the request above mentioned. They were also given an instruction properly defining negligence, and contributory negligence, substantially as requested by the defendant. This being so, it was proper for the court to refuse to further instruct the jury at the request of the defendant.

Finally, it may be said that the evidence fairly discloses that the cistern was improperly filled, and replac-

ing the old walk which was partially decayed over the cistern when filled in that manner was also an act of negligence. It is true that the walk, if laid on solid ground, or placed over a cistern which had been properly filled, might not have given way under plaintiff's weight, but it seems clear that the concurrent acts of improperly filling the cistern and replacing the defective walk over it should be considered together as the act of negligence which was the proximate cause of plaintiff's injuries, and for which, if without negligence on her part, she was entitled to recover.

A careful examination of the whole record discloses no reversible error, and the judgment of the district court is therefore

AFFIRMED.