CITY SAVINGS BANK, APPELLANT, v. MARY E. CARLON, APPELLEE.

FILED JUNE 10, 1910.   No. 16,583.

1. **Pleading:** DEMURRER. The merits of a general demurrer to a petition must be determined from the allegations of the petition alone.

2. **New Trial:** PETITION IN EQUITY: DEMURRER: PRESUMPTION. Upon a general demurrer to a petition in an action in equity for a new trial of a civil action at law on the ground of newly discovered evidence it will be presumed that the facts found upon the former trial will be found the same upon the new trial, unless the petition for new trial shows that additional evidence can be produced as to such facts.

3. ———: NEWLY DISCOVERED EVIDENCE. The courts will not grant a new trial on the ground of newly discovered evidence unless it appears probable that a different result may be reached.

4. ———: FALSE TESTIMONY. Evidence tending to show that the prevailing party upon the former trial testified falsely upon a vital issue in the case, which false testimony if believed might have controlled the decision, is material; and if it appears that the defeated party was without fault or negligence in not producing such evidence, and that the same can be produced on another trial, and might probably change the result, a new trial should be granted.

5. ———: DILIGENCE. The allegation of the petition examined, and *held* to be sufficient to show due diligence to procure for the former trial the evidence which it is alleged has been discovered since that trial.

6. **Receivers:** LIABILITY OF PARTIES FOR ACTS OF RECEIVER. A receiver appointed by the court in the progress of litigation acts as receiver for all of the parties interested; but he is not the agent for the parties in the sense that each of the parties interested in the litigation is personally severally responsible for his wrongful or negligent acts.

APPEAL from the district court for Douglas county. ALEXANDER C. TROUP, JUDGE. *Reversed.*

*William Baird & Sons,* for appellant.

*H. H. Bowes* and *E. C. Hodder, contra.*

SEDGWICK, J.

The injury complained of in this case occurred in September, 1903. It was alleged that an old cistern on the property occupied by the bank had been filled, and the work was so carelessly and negligently done by the bank that, while Mrs. Carlon was passing on the walk that had been laid over the cistern, the walk gave way and she was injured. The case has been several times tried to a jury, and this is the third time it has appeared in this court. *Carlon v. City Savings Bank,* 82 Neb. 582, 85 Neb. 659. Upon the last jury trial in the lower court, Mrs. Carlon had a substantial judgment against the bank, which was affirmed by this court. Shortly after, the bank began this action in the lower court to obtain a new trial of the cause on the ground of newly discovered evidence, showing that the plaintiff in the former proceedings had prevailed by means of fraud and perjury. In its petition the bank alleges that, in her action against the bank, Mrs. Carlon alleged that the bank was the owner of the premises of which she was in possession as tenant, and that there was on said premises, between the dwelling house and an outhouse, under a sidewalk, an open cistern, which the bank undertook to fill, and in attempting to. fill said cistern used frozen dirt and manure, and placed back over the cistern a walk which was rotted underneath and weakened by age, and that the filling of said cistern was negligently done, and that she, while passing over said walk, broke through the same, and by reason thereof sustained injuries. The petition herein also alleges that the bank answered in that action that it did not own, and was not

in possession or control of, the premises described at the time of the alleged filling of said cistern, and did not fill or cause said cistern to be filled, and that said plea was true and was a complete defense to said action. The petition herein further alleges that at the time the cistern was filled the premises occupied by Mrs. Carlon as tenant were in possession and under the control of William K. Potter, receiver of the Omaha Loan & Trust Company, who also collected the rents and appropriated the same to his own account, as receiver, and who was in no respect authorized to represent the bank in any way, and that the cistern was filled in the month of November, 1902, and that the said Potter retained possession and control of the same, collecting the rents and appropriating the same until the month of March, 1903, when by order of the court he turned over the control of the premises to the bank, and that the bank then took the premises without any knowledge of the existence of said cistern or the alleged filling of the same on said premises until after the happening of the accident complained of, and that one Badgerow was an employee of the bank and in possession of the premises in question from and after the 19th day of March, 1903, and that Mrs. Carlon, for the purpose of inducing the court and jury to believe that the bank caused said cistern to be filled, testified on the trial of said cause that she notified said Badgerow within a week of the 19th day of March, 1903, of the existence of said cistern, and that said Badgerow thereupon proceeded to cause said cistern to be filled, and that said testimony was wholly untrue, and that said Badgerow did not cause said cistern to be filled or know of the existence of the same until some time in the month of August, 1903, and that said cistern was in fact filled by and under the direction of an employee of William K. Potter, receiver, in the month of November, 1902, long before the bank took charge of said premises; that the verdict of the jury and judgment of the court against the bank in favor of Mrs. Carlon was based upon the aforesaid false testimony. The petition herein

further alleges that the said Potter, as receiver, kept books of account, among which was a journal of original entries, and in which, in the regular order of business, there was entered an account of the employment by the said receiver of one Laritsen to fill the said cistern and the payment of him for the said services by the said receiver. A copy of the alleged entry is set out in the petition, from which it appears that it was entered on the 21st day of November, 1902.

There seems to be no doubt of the competency of this evidence, and that it might have great weight in determining the principal issue presented in this case, which was whether the bank in fact caused the cistern to be filled and so was chargeable with any negligence in performing the work. The defendant, however, insists that the plaintiff has not shown proper diligence to procure this evidence upon the trial of the case. Determining this cause upon the allegations of the petition alone, and not anticipating what the evidence as to diligence may be upon issues properly joined, we are of opinion that due diligence is shown. It appears from the allegations of the petition that this record, which it is now sought to use in evidence, was one of the books kept by the Omaha Loan & Trust Company, and that afterwards the books connected with this receivership were "stored in the garret of the court house" of Douglas county, and that the officers and attorneys of the bank were not aware that the books had been so stored, and that they employed one Weeden before the trial of the action in which the judgment was rendered to find the account books of the receiver; that the said Weeden was chief clerk of the Omaha Loan & Trust Company prior to the appointment of Potter as receiver, and was retained by Potter after his appointment, and had charge of the books which were taken and used by Potter as receiver, and knew the book which contained the rent account of these premises; that the plaintiff was informed and believed that Weeden was the person who had the best means of knowing and of finding

the said book, and that Weeden was a competent and reliable person and the most likely to find the whereabouts of said book, and after diligent and thorough search and inquiry before the trial of said action the said Weeden was unable to find the said book, and the same could not be obtained to be used on the trial, but it has now by accident been ascertained that the books were stored as aforesaid and the said rent account book can be procured to be used at the trial. It is also alleged in the petition that Mrs. Carlon, upon the trial, testified that she did not know who was the workman employed to perform the labor of filling the cistern, and that the plaintiff was unable to ascertain the name of the party so employed, and that Mrs. Carlon's testimony in that regard was false; that she did know that one Jens Laritsen King, who was commonly known among his associates as Laritsen, performed the work, and that some time prior to the trial in which she obtained the judgment she took said Laritsen to the office of her attorneys for the purpose of finding what his testimony would be if called as a witness, and after asking him questions told him that she did not want him as a witness, and that if a new trial of this case is had the plaintiff can produce the said Laritsen as a witness and prove by him that the said cistern was filled in November, 1902, and that he was employed by Potter, and not by the bank, to do the work. The petition is very lengthy, and we cannot set it out in full, but we do not find any allegations in the petition that are inconsistent with the allegations already referred to, or that tend to show a lack of diligence on the part of the plaintiff to procure the new evidence which it now appears can be procured.

It is further urged by the defendant that upon the former hearing of this case in this court it was determined by this court that the said Potter, who is now in this petition admitted to be the party who filled the said cistern, was in so doing acting for the bank. It may be that, if upon the evidence presented upon the former appeal it

was determined by this court that the said Potter was agent for the bank and so acted in filling the said cistern (this petition admitting that the said Potter caused the said work to be done), the bank would now be bound by the former adjudication that Potter acted for the bank in filling the cistern, unless it was further alleged in the petition that new and additional evidence upon that point could now be obtained. The courts will not grant a new trial of a cause on the ground of newly discovered evidence, unless it is made to appear probable that a different result will be reached, and if it was determined upon the former trial that Potter acted for the bank in filling the cistern it would be presumed that another trial would result the same, unless it appears that new evidence could be procured upon that point. We do not, however, find from the opinion, as it is reported in 85 Neb. 659, that it was determined that Potter acted for the bank in doing this work. It is said, on page 662, that some time in the year 1901 the Omaha Loan & Trust Company, which was the agent of the Omaha Loan & Trust Company Savings Bank, became insolvent, and that Potter was at that time appointed as receiver thereof, and that for a time as such receiver and agent for the defendant bank he collected the rent for the premises in question. Of course, a receiver appointed by the court in the progress of litigation acts as receiver for all of the parties to the litigation and may be said in some sense to that extent to be agent of all the parties, but he is not the agent in the sense that the parties to the litigation have employed him and can control his actions. He is the arm of the court and is under the control of the court, and the parties to the litigation are not necessarily responsible for the wrongs which he may commit as receiver. By receiving the property at the hands of the court on the termination of the receivership, the bank did not adopt all of the acts of the receiver while in control of the property under the orders of the court, and would not thereby make itself responsible for the wrongdoing of the receiver in the course of his re-

ceivership. The bank had no control of the receiver; he took his orders from the court, and not from the litigants. It is not said in the opinion referred to in what sense he acted as agent for the bank, nor is it said how long he continued to act as such agent after his appointment as receiver in 1901. The decision is put upon the ground stated in the next sentence of the opinion, to wit: "That before the repairs were made the defendant bank had taken charge of the property and was collecting the rent." This statement was predicated upon the very evidence that is complained of as false and fraudulent. It is the statement of a conclusion of fact that, of course, is never regarded as the law of the case when, upon another trial of the same case, additional evidence can be procured bearing upon the point so stated. This the petition alleges can be done in this case. If the new evidence which the bank alleges it can procure should tend to show that the cistern was filled before the property was turned over to the bank, that might require a different finding of fact. Upon another trial it would be competent to furnish additional evidence as to whether the repairs were made before or after the property was turned over to the bank, and that is the purpose of the new evidence which the bank now alleges it can procure.

We cannot consider evidence taken before the district court nor affidavits filed in this court in determining the sufficiency of this petition. The attorneys for Mrs. Carlon discuss many things in their brief and in the oral argument that would be very pertinent to an investigation upon issues joined, but are not presented by the allegations of this petition. They cannot be considered upon this demurrer. The court should have required the defendant to answer, and the question as to the materiality of the evidence now offered and the diligence or lack of diligence of the bank should have been determined upon evidence received upon the trial of the issue so presented.

The judgment of the district court is reversed and the

cause remanded for further proceedings in accordance with this opinion.

REVERSED.