JOHN CARLON, APPELLEE, v. CITY SAVINGS BANK,
APPELLANT.

FILED SEPTEMBER 28, 1912.    No. 16,766.

Principal and Agent: PERSONAL INJURIES: LIABILITY. Where the receiver of an insolvent trust company continues, under an order of the court, to collect for a bank the rents of a lot mortgaged to it, the same as the trust company had previously done, and there is a controversy between the receiver and the bank as to the insolvent's interest in such rents and in the lot itself, the receiver being subject to the directions of the court, and not, as agent, under the control of the bank, the latter is not, as a matter of law, necessarily liable to the tenant from whom the rents are collected for damages resulting from the negligence of the receiver's employee in repairing the mortgaged lot.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Reversed.*

*William Baird & Sons,* for appellant.

*H. H. Bowes* and *E. C. Hodder, contra.*

ROSE, J.

The petition alleges that the wife of plaintiff was personally injured through the negligence of defendant, and this is an action to recover damages for the loss of her services. From a judgment in favor of plaintiff for $1,606, defendant has appealed.

In a separate action the wife of plaintiff previously recovered in her own right a judgment for the same injuries and her recovery was sustained by this court. *Carlon v. City Savings Bank,* 85 Neb. 659.

As tenants, plaintiff and his wife made their home on a leased lot in Omaha. The latter, in attempting to use a board walk extending from the rear of the house to an outhouse on the premises, fell through the walk into an old cistern September 24, 1903, and was injured. She was not at fault. Prior to the accident the walk had been tem-

porarily removed and the cistern had been negligently filled with frozen earth and manure, which afterward settled, and the walk, in an unsafe condition, had been restored to its former place. The appeal presents this question: Is the City Savings Bank, defendant, under the facts proved, liable to plaintiff for the negligence described? The sum of plaintiff's case is that defendant was at the time the landlord, in possession of the premises and collecting rent, and that through its agency the injury was inflicted.

Defendant is the successor of the Omaha Loan & Trust Company Savings Bank, but the legal entity of the corporation has not been changed. *Carlon v. City Savings Bank*, 82 Neb. 582. In 1892 the owner of the lot mortgaged it to the savings bank for $1,400, and in 1894 for $240 more, and in 1895 he assigned to the mortgagee the rents of the premises. The Omaha Loan & Trust Company, a separate corporation, was, by the savings bank, appointed agent to collect the rents so assigned. In December, 1901, W. K. Potter was appointed receiver of the trust company, and until March 12, 1903, collected the rents, instead of the trust company. At the trial of the former case the person who filled the cistern and the time of filling it were subjects of conflicting testimony, but in the present case it is fairly established by additional evidence, including the official records of the receiver, that it was under his direction the cistern was filled, and that the work was done by Jens Laritsen King for $3.65, November 21, 1902.

The giving of the following instruction is challenged as erroneous: "You are instructed that, under the pleadings and evidence in this case, William K. Potter, receiver of the Omaha Loan & Trust Company, must be regarded as the agent of the defendant bank in collecting the rents from said premises and in making repairs thereon; and it is therefore immaterial whether the man who filled said cistern was employed by said William K. Potter, receiver, or by some other agent of the defendant. It is accordingly

established by the evidence that the filling of the cistern must be regarded as the act of the bank."

To justify the giving of this instruction, plaintiff argues the following propositions: The trust company, at the time of the appointment of the receiver, had no interest of any kind in the leased premises. It had no right of possession of any kind. The receiver of an insolvent corporation takes only the assets thereof. The receiver succeeded the trust company as agent, and defendant recognized the agency. In collecting rents and in making repairs he acted alone for defendant and was exclusively its agent. Defendant was responsible for his acts. With knowledge of the receiver's actions defendant accepted the benefit of his collections and ratified his acts as agent, not as receiver. Is this argument sound? Did the trial court correctly instruct that Potter, receiver of the insolvent trust company, was the agent of defendant in filling the cistern, and that his employee's tort, which resulted in injury to plaintiff's wife, was the act of defendant? When the receiver was appointed, it was part of the business of the insolvent trust company to collect for defendant the rents of the lot where the injury occurred. While acting as receiver Potter directed the filling of the cistern and out of funds in his hands paid for the work negligently performed. His records as receiver so show. The decree appointing Potter receiver of the trust company and directing him in regard to its business ordered him to "conduct said business in all its branches." It was under this order that the receiver assumed to continue the collection of rents for defendant. A receiver may, under the directions of the court, proceed to carry on the business and perform the agreements of the insolvent corporation, if deemed to be for the best interests of those who may establish rights in the litigation. To prevent the receiver from collecting the rents, as the trust company had done, required an order of court. The fees for making the collections inured to the benefit of those interested in the assets of the trust company. The business of collecting

rents for defendant was transacted in the name of the receiver. There was a controversy between them as to the nature of the trust company's interests in the rents and in the mortgaged lot itself. Defendant went into court and demanded of the receiver an accounting and a return of the assignment of rents. In granting relief the court made the following order March 12, 1903:

"It is considered and directed by the court that said receiver, after payment of the bills incident to keeping said premises in tenantable condition since he was appointed such receiver and payment of the usual commission allowed rental agents for collecting the rents of the property, apply the balance of cash remaining in his hands toward the payment of the taxes upon said premises, so far as such balance may go. The court further orders and directs said receiver to turn over to said City Savings Bank the assignment of rents of said premises above referred to, provided same is in his possession, and that said receiver also direct the tenants occupying the property above described to pay their rents due upon said property from this date on, to the City Savings Bank of Omaha, Nebraska."

The district court, therefore, not only directed the receiver to collect the rents, but directed him how to apply them. In collecting and in distributing them, he acted under the orders of the court. As agent he was not under the direction of defendant. He learned his duties from the court, and not from defendant as his principal. In referring to the status of a receiver, the supreme court of the United States in *Booth v. Clark*, 17 How. (U. S.), *322, *331, said: "He is an officer of the court; his appointment is provisional. He is appointed in behalf of all parties, and not of the complainant or of the defendant only. He is appointed for the benefit of all parties who may establish rights in the cause. The money in his hands is *in custodia legis* for whoever can make out a title to it." *Atlantic Trust Co. v. Chapman*, 208 U. S. 361, 371. The law is the same in this state. *Vila v. Grand Island E. L.*

& C. S. Co., 68 Neb. 233, 239. The record showing, as already indicated, that the receiver collected the rents and distributed them as receiver under the order of the court, that there was a controversy between defendant and the receiver in regard to the interest of the trust company in the rents and in the mortgaged lot, and that defendant was unable to control the receiver as its own agent, the trial court carried the doctrine of agency too far in holding that defendant, as a matter of law, is liable to plaintiff for the wrongful act of Potter's employee in filling the cistern and in replacing the walk in a negligent manner. The instruction is erroneous under the following doctrine announced in the former case: "A receiver appointed by the court in the progress of litigation acts as receiver for all of the parties interested; but he is not the agent for the parties in the sense that each of the parties interested in the litigation is personally severally responsible for his wrongful or negligent acts." *City Savings Bank v. Carlon*, 87 Neb. 266.

Ratification of the acts of Potter so as to make defendant liable for the tort of his employees is not shown. For the misstatement of law in the instruction quoted, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.

SEDGWICK, J., concurring.

I suppose that, in determining whether the savings bank is responsible for the action of the receiver in filling the cistern, we must ascertain whether the receiver was acting as the agent of the bank in so doing. The receiver was not employed by the bank. He had no connection with the business in any way, except by virtue of his appointment as receiver by the court. A receiver is an officer of the court and is at all times, in everything he does, subject to the order of the court, and is not subject to the control or influence of private parties. The bank, then, did not authorize him to do anything, and could not in any respect control or influence his actions. Such facts are incon-

sistent with the existence of the relation of principal and agent. By virtue of his authority as receiver he took control of the lease and collected the rents and held them for the court which appointed him, refusing to recognize the bank in any way. The bank could not terminate the receiver's agency and control. The court collected and held the rents through its receiver; other parties interested in the litigation claimed the rents, and upon application to the court, in whose hands the rents were, the court distributed the rents to the party to whom they belonged. This is the ordinary object of a receivership. The court, through its receiver, acted for all parties interested in the litigation, and the bank was interested as were all of the other parties. Perhaps the receiver was not authorized by virtue of his employment as receiver and his control of the lease to interfere with the property as he did in filling the cistern. No one expressly authorized him to do so; he had no power or authority whatever to fill the cistern, unless such power came to him from the court. There is no evidence that the bank knew that he filled the cistern, much less that it directed or authorized him to do so. The powers of an agent are given him by his contract of agency, and must be either expressly given him or implied from the powers that are expressly given. If this receiver had authority to fill the cistern it must be implied from his express powers, and those express powers he received from the court, and not from the bank. The bank could not terminate either those express powers or such powers as would be implied therefrom. The receiver must therefore have acted within the implied powers given him by the court in filling the cistern, or else he went beyond his powers and was not authorized by any one to do so. In either case the bank would not be liable for his act.

LETTON, J., dissenting.

I think the opinion ignores the real issue. The predecessor of the City Savings Bank was mortgagee in possession under a written agreement set forth in *Carlon v. City*

*Savings Bank*, 82 Neb. 582. The Omaha Loan & Trust Company rented the property as agent for the bank; this was a part of its regular business. The receiver, when appointed, also acted as agent for the bank in the collection of the rents. The agency might have been terminated by the City Savings Bank at any time. After the receiver had collected the rents a dispute arose as to their application, he claiming some rights under a second mortgage held by the Omaha Loan & Trust Company which had come into his hands as receiver. This dispute was settled by an order of the court in favor of the bank, as shown by the order set forth in the opinion. The controversy, however, until it was ended, did not interfere with the collection of the rent or the care of the property or the liability of the mortgagee in possession to the tenant. The cistern was filled in November, 1902, when Potter, as receiver, was acting as agent for the bank. The bank received all the rents, less the agent's commission for renting, by the payment of taxes according to its written agreement with Handy, the owner.

The fact that it was the receiver, and not the corporation, that was its agent is immaterial, and so, also, is the fact that it had a dispute with its agent as to the application of the proceeds. The bank was in possession and control and it is chargeable with its agent's negligence.

FAWCETT, J., concurs in this dissent.