KENNETH LINN, APPELLANT, V. OSCAR G. LINN ET AL., APPELLEES.

21 N. W. 2d 283

FILED JANUARY 11, 1946. No. 31981.

*Mothersead & Wright,* for appellant.

*Beatty & Clarke,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is an appeal from a decree entered in a suit to enforce an express trust and for an accounting by the trustee. No bill of exceptions has been prepared, served, or filed, with the result that the questions raised by the appeal must be determined from the pleadings and the decree.

The petition alleges that on March 30, 1939, Oscar G. Linn, hereinafter called the trustee, executed a declaration of trust by which he acknowledged that certain property, consisting of a stock of hardware, the capital stock of the hardware company and certain real estate, was held by him in trust for the six sons of Gus Linn, of which he was one. Under the trust as declared by him the trustee was required to operate the hardware business, pay the outstanding indebtedness for which the property was liable, and thereafter distribute the same equally between the six beneficiaries of the trust. The petition alleges the failure of the trustee to make reports as required by the declaration of trust and

prays for an accounting and a termination of the trust.

The answer admits the declaration of trust and that the six sons of Gus Linn are the beneficiaries thereunder. The answer denies that there had ever been a refusal to account, that a complete set of books had been kept at all times and that they were at all times available to the beneficiaries of the trust. The answer further alleges that the indebtedness of Gus Linn, for which the property was liable, had not been fully paid.

The trial court found in its decree filed on November 2, 1943, after a trial, that the trust was valid, even though made voluntarily without consideration. The court further found that all the indebtedness required to be paid under the terms of the declaration of trust had been paid at the time of the trial, excepting only the debts owing to beneficiaries of the trust; that the failure to account did not constitute a violation of the trust, no harm resulting therefrom; and that the trustee had made a full, complete, and accurate accounting which was approved except for one item of $5,000 which was held open for further consideration. The court further provided that the trustee should proceed to terminate the trust within a reasonable time; that he pay all costs, auditors' fees and attorneys' fees incurred; and that upon the future accounting other items of expense would be passed upon by the court.

On February 21, 1945, a second decree was filed in which the findings of the former decree in all respects were approved, the $5,000 claim of the trustee disallowed, the expenses and fees of the trustee's attorneys ordered paid, the distribution of assets approved subject to the indebtedness of the beneficiaries to the trust estate, and an order entered terminating the trusteeship upon the performance of the specific acts required by the decree to be performed. The trial court denied the application of the plaintiff for the allowance of an attorney's fee to be paid out of the assets of the trust estate.

Appellant contends that the expenses and attorneys' fees allowed the trustee were for his own benefit and conse-

quently they were not a proper charge against the trust estate. Appellant further contends that the litigation carried on by him was beneficial to others of the class he represents and that he is entitled to reimbursement for attorney's fees and expenses from the trust estate.

The decree of the trial court finds the assets of the estate to be greatly in excess of the accounting which the trustee attached to his answer. There is nothing to show how this difference came about, there being no bill of exceptions which discloses this important fact. Whether the expenses incurred and the attorneys' fees expended were for the benefit of the trust estate or the trustee personally is not disclosed by any record before us. Under such circumstances we are obliged to presume that the trial court acted correctly upon evidence sufficient to sustain his finding. Buck v. Zimmerman, 144 Neb. 719, 14 N. W. 2d 335. We must assume, therefore, that the court's finding that the expenses and attorneys' fees were to the benefit of the estate, was supported by sufficient evidence. The allowance of such expenses and attorneys' fees is addressed to the sound discretion of the court. United States Nat. Bank v. Alexander, 140 Neb. 784, 1 N. W. 2d 920. There is nothing before us that affirmatively discloses any abuse of such discretion on the part of the trial court in allowing attorney's fees and expenses to the trustee.

With respect to the claim of appellant that the trial court erred in refusing to allow attorney's fees and expenses incurred by him in carrying on the litigation, the applicable rule is: Where many persons have a common interest in a trust fund or property, and one of them, for the benefit of all, at his own cost and expense, takes legal action for its preservation or administration, the court of equity in which the suit was brought may order the successful litigant to be reimbursed for his costs and expenses, including attorney's fees, from the property of the trust. Blacker v. Kitchen Bros. Hotel Co., 133 Neb. 66, 273 N. W. 836; Allen v. City of Omaha, 136 Neb. 620, 286 N. W. 916. The practice of allowing attorney's fees and expenses to a litigant under

the foregoing rule is based on general equitable principles and such allowances are proper only for dominating reasons of justice. It must appear from the record that all in the class benefited from the action of the one making the claim. The allowance or disallowance of such a claim is left largely to the discretion of the trial court and it is only when there is a clear abuse of that discretion that this court will interfere. In the present case there is no evidence from which the facts essential to sustain an award for attorney's fees and expenses can be ascertained. Five of the sons of August Linn were parties to the litigation, two appearing as parties plaintiff and three appearing as parties defendant. All five sons who were parties to the suit were represented by legal counsel and, for aught that appears in the record before us, some or all of such counsel may have brought about or contributed materially to the result evidenced by the trial court's decree. We hold, therefore, that in the absence of evidence showing the extent of the services rendered and the benefits derived therefrom, which were beneficial to the class having an interest in the trust estate, no basis exists for disturbing the judgment of the trial court. No bill of exceptions having been filed, we must assume that there was evidence before the trial court sustaining the finding that plaintiff's action was not such as to bring him within the applicable rule.

There being no error affirmatively shown by the record, the judgment of the district court is affirmed.

AFFIRMED.