JACK B. LEWIS, APPELLEE, V. ELBERT M. GALLEMORE, SR., ET AL., APPELLEES, KENNETH H. DRYDEN ET AL., INTERVENERS-APPELLANTS.

121 N. W. 2d 388

Filed April 26, 1963.    No. 35407.

Dryden & Jensen, for appellants.

Tye, Worlock & Knapp, for appellee United Pacific Ins. Co.

Richard A. Dier, for appellee Lewis.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an appeal from the judgment of the district court for Buffalo County holding that an attorney's lien filed by Kenneth H. Dryden and John P. Jensen,

attorneys, was inferior in priority to the lien of the United Pacific Insurance Company on money in the hands of the receiver of Radio Station KRNY located in Kearney, Nebraska.

We deem it necessary to discuss the background of this litigation. An action was commenced in the district court for Buffalo County by Jack B. Lewis to have the nature and extent of his interest in the radio station determined. The trial court found that Lewis owned a 25 percent interest in a joint venture in the ownership of the radio station and granted his prayer for the appointment of a receiver pending the determination of other issues involved in the litigation. The judgment was affirmed on appeal to this court. Lewis v. Gallemore, 173 Neb. 211, 113 N. W. 2d 54.

On March 10, 1961, the trial court appointed a receiver. On March 16, 1961, the receiver recommended that the radio station be sold immediately. On March 18, 1961, the court ordered the sale of the radio station to the highest bidder. This was done. The sale was confirmed on April 12, 1961. On August 14, 1961, the court directed the receiver to complete the sale of the radio station upon the payment of the purchase price. An appeal was taken to this court. We dismissed for the reason that the order appealed from was not a final order. Lewis v. Gallemore, 173 Neb. 441, 113 N. W. 2d 595.

On September 7, 1962, the court determined that E. M. Gallemore, Sr., had a capital interest in the proceeds of the radio station in the amount of $30,610.27, less the claim of the First State Bank of Beaver City, Nebraska, in the amount of $1,318.36, and less a contingent liability of the First Investment Company in the amount of $1,386.88. Jack B. Lewis was found to have a capital interest in the radio station in the amount of $3,831. The court further held that any funds remaining from the sale of the radio station after the payment of its credi-

tors would be divided between Gallemore and Lewis in the above proportions.

Dryden and Jensen were the attorneys for Gallemore from the beginning of this litigation. On January 9, 1962, Dryden filed a notice of attorney's lien in the district court for Buffalo County. On September 7, 1962, Dryden and Jensen filed their petition in intervention to obtain the enforcement of their attorney's lien in which they admitted that the district court had previously held: "The Court finds that lien of United Pacific Insurance Company is a lien against Elbert M. Gallemore's share in the net proceeds of the partnership, but not a lien on the assets of the partnership, as such. And, it is therefore inferior to the claim of the General Creditors of the partnership." It is conceded by United Pacific Insurance Company and Dryden and Jensen that the rights of each are limited to the share of Gallemore in the proceeds of the sale after all creditors of the partnership have been paid.

The claim of the insurance company is based upon a performance bond furnished to E. M. Gallemore Construction Company and guaranteed by E. M. Gallemore, Sr. Judgments were obtained against E. M. Gallemore Construction Company in the amount of $7,009.07, which were paid by the insurance company and assignments taken from the judgment creditors. Included in the claim filed by the insurance company is an item of attorneys' fees in the amount of $1,500 and an item of court costs in the amount of $113.95 which Gallemore agreed to pay. The insurance company asserts the total due to be $8,509.07, although the sum of the items listed, which were approved by the court, is $8,623.02.

The evidence shows that on December 7, 1960, after paying and receiving assignments of the judgments, the insurance company caused executions to be issued and levied on the assets of the radio station. To avoid a sale of the radio station to satisfy the executions, a written settlement agreement was entered into between

the insurance company and E. M. Gallemore Construction Company and E. M. Gallemore whereby the insurance company agreed to withold execution and sale of the property levied upon if E. M. Gallemore Construction Company and E. M. Gallemore would do the following: 1. Execute a first real estate mortgage to the insurance company on three lots owned by Gallemore. 2. Execute a chattel mortgage on Gallemore's interest in the radio station. 3. Agree to pay the insurance company $500 on January 15, 1961, and the sum of $500 on the 15th day of each month thereafter until the amount due was wholly paid. The settlement agreement was complied with by Gallemore and the executions were recalled on January 18, 1961, by the insurance company.

After the date of the levy of the executions on December 7, 1960, and the signing of the settlement agreement on January 17, 1961, Dryden and Jensen on January 9, 1962, filed their claim for an attorney's lien. The record shows that these attorneys represented Gallemore in negotiating the settlement agreement and had full knowledge of its terms. They at no time revealed during the negotiations that they were claiming an interest in the property or the proceeds thereof which were being transferred or mortgaged to the insurance company as security for Gallemore's indebtedness to it. Dryden and Jensen now assert that their attorney's lien, approved by the court in the amount of $3,500, dates from the beginning of their employment in the case and is superior to the rights of an execution creditor, or to a subsequent attachment or garnishment, or other liens thereon subsequent in point of time.

An attorney's lien was unknown at the common law and, like other statutes granting rights in derogation of the common law, it is subject to strict construction. Under our statute an attorney has a lien for attorney's fees on papers and money of his client in his possession and in the hands of the adverse party in an action or

proceeding from the time of giving notice of the lien to that party. § 7-108, R. R. S. 1943.

At the time the lien was filed in the instant case the money upon which a lien is sought was in the possession of the receiver appointed by the court. Money in the hands of a court-appointed receiver is not in the hands of an adverse party. A court-appointed receiver is an officer of the court who acts under the direction of the court for the benefit of all the parties to the litigation. The filing of a claim of lien on the money in the hands of a receiver is not within the provisions of section 7-108, R. R. S. 1943, and consequently Dryden and Jensen have no attorney's lien. This question was decided, and we think correctly, in Culhane v. Anderson (Neb.), 17 F. 2d 559. While a court under certain circumstances may allow attorney's fees from funds in the hands of a receiver, it is done under the equitable powers of the court and not by virtue of an attorney's lien.

In their petition in intervention Dryden and Jensen pray for general equitable relief. They allege that all of the efforts of E. M. Gallemore and his attorneys have been directed toward the preservation of the fund on which the insurance company has a lien and that it would be inequitable to permit the insurance company to have a claim or lien on any amounts due these attorneys.

It is not disputed that these attorneys represented Gallemore from the commencement of this litigation and that they have earned an attorney's fee. Their contention, however, that they have used their best efforts to build up the fund for the benefit of a class or for the benefit of all the parties to the litigation cannot be sustained. The plaintiff, Lewis, was represented by attorneys in asserting and maintaining his rights. The defendant, Gallemore, was represented by Dryden and Jensen in alleging and proving his interest in the litigation. Upon the appointment of a receiver, the receiver employed his own attorney. The insurance company, when it came into the litigation, had its own attorneys

employed. The case was an adversary one in which the fruits which came to Gallemore were wholly incidental to the receivership and the rights of the insurance company who had a contractual lien on the radio station and an equitable lien on the interest of Gallemore in the proceeds of its sale. The case bears no similarity to the cases of Blacker v. Kitchen Bros. Hotel Co., 133 Neb. 66, 273 N. W. 836; Gamboni v. County of Otoe, 159 Neb. 417, 67 N. W. 2d 489; and Summerville v. North Platte Valley Weather Control Dist., 171 Neb. 695, 107 N. W. 2d 425, cited by the interveners. A basis for the allowance of these attorneys' fees by the district court as against the lien of the insurance company on the ground of a class representation is not sustained. They did not represent a class of litigants. They represented Gallemore only. Linn v. Linn, 146 Neb. 666, 21 N. W. 2d 283.

The intervening attorneys allege that it would be inequitable for the court to hold the lien of the insurance company to be superior to their claim for attorneys' fees. In this respect the evidence shows that the insurance company levied its executions on Gallemore's interest in the radio station. In order to avoid a sale the insurance company, at the instance of Gallemore, released its executions and accepted a real estate mortgage on some lots and a chattel mortgage on the property in the radio station. This was pursuant to a written settlement agreement which these attorneys assisted in negotiating. They remained silent as to any claim of a lien or claim of attorneys' fees. On behalf of their client they induced the insurance company to change its position by withholding the execution sale of the property and accepting what it was led to believe was a first lien on the property on which the attorneys now claim a prior right. Even if they had a lien, they would be estopped to assert it as a prior lien to that of the insurance company under the circumstances here shown. Certainly, they are in no position to appeal to a court of equity for relief in the situation here existing. It is a general rule that

where an attorney permits a creditor's lien to attach to the property of his client, with full knowledge of the facts and without disclosing his interest therein, he will not ordinarily be permitted subsequently to assert a claim to the prejudice of such lienor where by his silence he has permitted the lienor to justifiably believe that such a claim did not exist.

For the foregoing reasons the judgment of the district court is correct and it is affirmed.

AFFIRMED.