DALE A. RAPP, APPELLEE, V. JOHN W. RAPP, APPELLEE, AND HARRY R. RAPP, TRUSTEE OF THE FLORENCE E. RAPP TRUST, APPELLANT.

562 N.W.2d 359

Filed April 24, 1997.    No. S-95-555.

David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Kent E. Person, of Person, Dier, Person, Osborn & Cox, P.C., for appellee Dale A. Rapp.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

McCORMACK, J.

This is an appeal from the Kearney County District Court decision which approved attorney fees and litigation expenses incurred by the defendant-appellant, Harry R. Rapp, trustee, but found that none of the fees or expenses may be apportioned against the plaintiff-appellee, Dale A. Rapp.

## BACKGROUND

On September 9, 1976, Florence E. Rapp created the Florence E. Rapp Trust (Trust), with Florence, Harry, and John W. Rapp as trustees. After the death of Florence, the expenses of settling her affairs and the death taxes associated with her estate were to be paid out of the Trust. The residue was then to be divided into five equal shares, one for each of Florence's children: Dale, John, Roland R. Rapp, Gloria F. Reiner, and Harry. Florence died June 12, 1989.

After Florence's death and prior to the commencement of this action, each of the five beneficiaries of the Trust received the following distribution checks from the Trust: $30,000 on June 16, 1989; $75,000 on November 1; and $6,000 on Decem-

ber 22. Dale alleged that the trustees sent him a $6,000 check which required that if he endorsed the check, the accounting from the Trust would be approved. Dale refused to negotiate and cash his $6,000 check and commenced this action. John died during the pendency of this action. His estate and the three other Trust beneficiaries approved all of the subsequent actions, investments, accounts, and activities of the Trust, and Roland and Gloria were never made parties to the action.

Dale sought to set aside an assignment by the three trustees, Florence, Harry, and John, to Florence and Harry as joint tenants with rights of survivorship of a promissory note from Harry, as trustee; to set aside the sale by Florence to Harry of the interests of Florence in two automobiles which had been owned by Harry and Florence as joint tenants with rights of survivorship; an accounting of income, farm program payments, and other income after June 12, 1989, and to surcharge Harry and John, as trustees, for insufficient rents of non-Trust farmland and pastureland; distribution of $6,000 of Trust cash assets which Harry and John, as trustees, had previously tried to distribute to Dale and distribution of one-fifth of the residue of the Trust assets; and a formal accounting of Trust actions, investments, accounts, and activities.

On January 14, 1993, Harry and John, as trustees, filed a motion for summary judgment on all causes of action. On March 26, the court granted their motion for summary judgment on Dale's third cause of action and overruled the motion as to all other causes of action.

The remaining causes of action were tried on February 23, 1994, and on June 9, the court entered an order denying Dale's first and second causes of action, sustaining Dale's motion for directed verdict with regard to his entitlement to a distribution of $6,000 and one-fifth of the residue of the Trust assets, granting Harry and John's motion as trustees for directed verdict with regard to the accounting because such accounting had previously been provided by them, and assessing costs against Dale.

Harry and John, as trustees, in defending this action incurred attorney fees and other expenses in an amount of $10,497.45.

On August 9, 1994, Dale filed a motion to have Harry, as trustee, held in contempt for withholding the $10,497.45 in

attorney fees and litigation expenses from the $6,000 and the one-fifth Trust residue distributable amount of beneficiary Dale. On December 27, the district court entered a journal entry and order in which the court acknowledged John's death and found Harry in contempt for withholding all of the attorney fees and litigation expenses from Dale's distribution. The court further held that Harry could purge himself of said contempt by paying to the clerk of the district court the $6,000 plus one-fifth of any funds distributed to the other beneficiaries (amounting to $3,964.89) and by providing the court with a written accounting regarding the payment of such amounts. The court further ordered Harry to pay the sum of $750 to Dale as attorney fees for Dale's expense in bringing the contempt action.

Harry purged himself of contempt by paying the necessary sums to the clerk of the district court. Harry then filed a motion for approval, allowance, and apportionment of attorney fees and other litigation expenses. On April 21, 1995, the district court overruled the motion. The court specifically found that Harry should not receive reimbursement fees from Dale's money because (1) Harry, as trustee, attempted to unilaterally circumvent a court order by withholding amounts for attorney fees and expenses of litigation from amounts otherwise distributable to Dale; (2) Harry should have applied to the court to obtain reimbursement for attorney fees and expenses of litigation instead of withholding such amounts otherwise distributable to Dale; and (3) such withholding actions of Harry were previously held by the court to be in bad faith, and to permit Harry to obtain reimbursement from amounts otherwise distributable to Dale would be to condone the prior behavior of Harry, as trustee. Harry then filed a motion for new trial on May 1, 1995. This motion was overruled, but the court clarified its April 21, 1995, journal entry by approving the attorney fees and other litigation expenses as necessary, fair, and reasonable. The court reiterated that none of the attorney fees and litigation expenses approved by the court would be apportioned against Dale.

## STANDARD OF REVIEW

On appeal, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion. *Shockley*

*v. Shockley*, 251 Neb. 896, 560 N.W.2d 777 (1997); *DeVaux v. DeVaux*, 245 Neb. 611, 514 N.W.2d 640 (1994); *In re Estate of Watkins*, 243 Neb. 583, 501 N.W.2d 292 (1993).

When an attorney fee is authorized, the amount of the fee is addressed to the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. *National Am. Ins. Co. v. Continental Western Ins. Co.*, 243 Neb. 766, 502 N.W.2d 817 (1993).

## ASSIGNMENT OF ERROR

Summarized and restated, Harry, as trustee, assigns as error the district court's failure to apportion attorney fees and other litigation expenses against amounts of Trust assets otherwise distributable to Dale.

## ANALYSIS

Attorney fees and expenses may be recovered only where provided for by statute or when a recognized and accepted uniform course of procedure has been to allow recovery of an attorney fee. *Sid Dillon Chevrolet v. Sullivan*, 251 Neb. 722, 559 N.W.2d 740 (1997); *Ira v. Swift-Eckrich*, 251 Neb. 411, 558 N.W.2d 40 (1997); *In re Interest of Krystal P. et al.*, 251 Neb. 320, 557 N.W.2d 26 (1996); *Surratt v. Watts Trucking*, 249 Neb. 35, 541 N.W.2d 41 (1995); *First Nat. Bank in Morrill v. Union Ins. Co.*, 246 Neb. 636, 522 N.W.2d 168 (1994); *Henry v. Rockey*, 246 Neb. 398, 518 N.W.2d 658 (1994).

We first look to case law to determine how attorney fees in trust actions are analyzed. Generally, if the fiduciary's defense of his acts is fully successful, he is ordinarily entitled to recover the reasonable costs necessarily incurred in preparing his final account and in successfully defending it against objections. *In re Guardianship of Bremer*, 209 Neb. 267, 307 N.W.2d 504 (1981). We conclude that the standard should be substantially successful and that the fiduciary's defense does not have to be 100 percent successful in order for the fiduciary to be entitled to recover costs including attorney fees. Similarly, the county court or district court on appeal has discretionary power and authority to order payment of costs and, in proper cases, to order payment of reasonable fees to attorneys for services rendered a good faith trustee out of the trust estate in litigation.

*Scully v. Scully*, 162 Neb. 368, 76 N.W.2d 239 (1956). Attorney fees and expenses will ordinarily be allowed a trustee where they were incurred for the benefit of the estate. *Linn v. Linn*, 146 Neb. 666, 21 N.W.2d 283 (1946).

We have held that to make a trustee personally responsible for all reasonably incurred attorney fees for the successful defense of his actions as a fiduciary would impose an unconscionable burden on fiduciary service without justification. *In re Guardianship of Bremer, supra.* In the present case, Harry, in his capacity as trustee, was successful in defending himself against the action brought by Dale. Therefore, we determine that the trustee in this instance is allowed attorney fees because such fees were incurred for the benefit of the estate. Further, we determine that Harry, as trustee, is not personally liable for the attorney fees incurred in defending the action.

The district court made a specific finding that "the attorneys fee and other litigation expenses, in the amount of $10,495.45 . . . were necessary, fair and reasonable. The Court further finds that the application for the approval and allowance for such attorneys fees and litigation expenses is approved." The granting of such attorney fees is at the discretion of the trial court and will not be overturned absent an abuse of discretion. *Shockley v. Shockley*, 251 Neb. 896, 560 N.W.2d 777 (1997); *DeVaux v. DeVaux*, 245 Neb. 611, 514 N.W.2d 640 (1994); *In re Estate of Watkins*, 243 Neb. 583, 501 N.W.2d 292 (1993). There is no evidence in the record indicating any abuse of discretion; thus, we affirm the trial court's order with regard to the awarding of such fees.

Next, we consider the issue of whether said fees may be apportioned against Dale in whole or in part. The trial court entered an order finding that Harry was to pay Dale $6,000 and that Dale was entitled to his one-fifth share of any additional funds distributed above the $6,000.

An order in a civil action is final when no further act of the trial court is required to dispose of the cause. *Thrift Mart v. State Farm Fire & Cas. Co.*, 251 Neb. 448, 558 N.W.2d 531 (1997). Here, the $6,000 distribution order was final. No further act of the trial court was required to dispose of the cause. Once the district court entered its order and neither party appealed, that

order became binding on both parties. To challenge this order, Harry must have appealed. Because Harry did not appeal, the judgment is final, and Harry cannot assess any of the attorney fees or litigation expenses against Dale's $6,000 distribution.

We now turn to the issue of whether any of the attorney fees or expenses may be apportioned against Dale's one-fifth share of the Trust. We note that in its final order, the district court found that Dale was entitled to his one-fifth share of any additional funds distributed above the $6,000. These additional funds would necessarily be lessened by the payment out of the Trust of attorney fees and litigation costs. Therefore, we determine that the district court was not correct in refusing to assess any of the attorney fees or litigation expenses against Dale. Once a determination was made as to the reasonableness of said fees, the payment should have been ordered to be paid by Trust funds and apportioned against all of the beneficiaries equally. Therefore, the district court's order disallowing apportionment of attorney fees and litigation expenses against Dale is hereby affirmed in part, and in part reversed and remanded with the direction to enter an order consistent with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTION.