REQUESTED BY: John Breslow Nebraska Auditor of Public Accounts
Based upon the materials which you submitted to us, it appears that the Bellevue Bridge Commission (the "Commission"), a political subdivision created under Neb. Rev. Stat. § 39-868
(1993), has defaulted on payments due to the holders of bridge revenue bonds previously issued by the Commission. Consequently, the Commission has been sued by the trustee for those bond holders, and on application of the plaintiff in that lawsuit, the District Court of Sarpy County, Nebraska, has appointed a receiver to take possession of the Commission's property and to exercise all the rights and powers of the Commission with respect thereto. You have now posed several questions to us regarding the requirements placed upon that receiver with respect to compliance with the Nebraska Budget Act and other Nebraska statutes.
1. Application of the Nebraska Budget Act to the Activities of the Receiver.
Your first question goes to application of the requirements of the Nebraska Budget Act to the activities of the receiver for the Bellevue Bridge Commission. You ask:
 Is a court appointed Receiver for a body corporate and politic required to submit budget documents to our office under the provisions of the Nebraska Budget Act? We believe they are.
For the reasons discussed below, we disagree with your stated conclusion. We do not believe that the receiver for the Commission appointed by the Sarpy County District Court is required to submit budget documents to your office under the provisions of the Nebraska Budget Act.
The numerous statutes which make up the Nebraska Budget Act (the "Act") are set out at Neb. Rev. Stat. § 13-501 (Cum. Supp. 1996). The statutory purpose of the act is:
 to require governing bodies of this state to which the act applies to follow prescribed budget practices and procedures and make available to the public pertinent information pertaining to the financial requirements and expectations of such governing bodies so that intelligent and informed support, opposition, criticism, suggestions, or observations can be made by those affected.
Neb. Rev. Stat. § 13-502 (Cum. Supp. 1996) (emphasis added). Under Neb. Rev. Stat. § 13-503(1) (Cum. Supp. 1996), examples of governing bodies subject to the Act include city councils, boards of trustees for villages, cemetery districts, sanitary drainage districts and road improvement districts, county and township boards, school boards, and the governing boards of fire protection districts, reclamation districts, natural resource districts and hospital districts. The Act contains provisions for preparation of annual budget statements by the entities included, for public hearings on those budgets, and for tax levies based upon those budgets. Under Neb. Rev. Stat. § 13-508 (Cum. Supp. 1996), the governing bodies covered by the act are required to file copies of their budget statements with your office.
Generally, a receiver in a lawsuit is appointed by a court of equity under its equitable jurisdiction to enable the court to complete justice between the parties before it. 75 C.J.S.Receivers § 3; see Neb. Rev. Stat. §§ 25-1081 through25-1092 (1995). A receiver is an officer of the court which appointed him, and acts under the direction of the court for the benefit of all the parties to the litigation. Lewis v.Gallemore, 175 Neb. 279, 121 N.W.2d 388 (1963); State ex rel.Beck v. Associates Discount Corporation, 168 Neb. 298,96 N.W.2d 55 (1959). While it may be said that a receiver acts for all the parties to litigation and is, in that sense, their agent, a receiver is not an agent of the parties in the sense that the parties have employed him and can control his actions. CitySavings Bank v. Carlon, 87 Neb. 266, 127 N.W. 161 (1910). Rather, a receiver is an "arm of the court" and "under the control of the court." Id. at 271, 127 N.W. at 163.
As noted above, the Nebraska Budget Act applies to the various governing bodies of governmental subdivisions in Nebraska and requires those entities to file budget statements with your office. However, a receiver appointed by a court to conserve the assets of a governmental subdivision is clearly not the governing body of that subdivision or synonymous with the governing body of that subdivision. Instead, a receiver in that situation is an officer or arm of the court acting under the direction of the court. Since the purpose of the Act is to require the governing bodies of governmental subdivisions to prepare budget materials, and since § 13-503 does not, by its own terms, include receivers for any of the entities listed therein, it seems to us that the Act does not reach court-appointed receivers. Therefore, in the present instance, we do not believe that the receiver for the Bellevue Bridge Commission is subject to the requirements of the Nebraska Budget Act.[1]
2. Submission of Audit Reports by the Receiver.
Your second question involves the auditing requirements placed upon a court-appointed receiver. You ask:
 Is a court appointed Receiver required to submit audit reports to the Auditor of Public Accounts? We believe they are.
Once again, we do not believe that a court-appointed receiver such as the receiver for the Bellevue Bridge Commission is required to submit audit reports to your office under the pertinent Nebraska statutes.
The general authority and duties of the Nebraska Auditor of Public Accounts (the "State Auditor") are set out at Neb. Rev. Stat. §§ 84-301 through 84-321 (1994, Cum. Supp. 1996). Section 84-304(3)(b) lists a series of political subdivisions which are subject to audits by the State Auditor, and §84-304.01 provides, in pertinent part, that:
 It shall be the duty of the Auditor of Public Accounts to establish, by rule and regulation, minimum standards applicable to all audit, financial, or accounting reports or copies of such reports required to be filed with the Auditor of Public Accounts by any political subdivision of the State of Nebraska. . . . Audit reports of any political subdivision required to file such reports with the Auditor of Public Accounts shall be prepared in conformity with generally accepted auditing standards and government auditing standards.
After discussion of those two statutes, we concluded, in our Op. Att'y Gen. No. 94041 (May 31, 1994), that the public building commissions in Lancaster and Douglas counties were not required to file audit reports with your office because they were not specifically listed in the predecessor statute to §84-304(3)(b), and also because the statutes pertaining to those entities did not require them to file audit reports with your office.[2]
Bridge commissions and receivers for such entities are not listed as political subdivisions subject to audit by your office under § 84-304(3)(b). Nor have we found any other statutes which specifically require those entities to file audit reports with the State Auditor. As a result, we do not believe that the receiver for the Bellevue Bridge Commission is required to file an audit report with your office. Our conclusion in that regard is supported by the fact that, as noted above, a receiver is an officer of the court and under the court's direction and control. A receiver is not synonymous with the governing body of a political subdivision involved in a receivership. Furthermore, Nebraska cases establish that:
 A receiver, as an officer of the court appointing him, is required to account to the court for the receipts and disbursements of all money and property received by him as receiver.
State ex rel. Beck v. Associates Discount Corporation,168 Neb. 298, 334, 96 N.W.2d 55, 78 (1959). It is then the duty of the court which appointed the receiver to examine and rule upon his or her account. Id. As a result, the audit function for a receivership is performed by the court which appointed the receiver.[3]
3. Application of the Nebraska Public Records Statutes to a Receiver.
Your final question goes to the application of the Nebraska Public Records Statutes, Neb. Rev. Stat. §§ 84-712 through84-712.09 (1994 and Cum. Supp. 1996), to the records of a receivership. You ask:
 Is a court appointed Receiver required to comply with State Statutes regarding public records? We believe they are.
In our view, court-appointed receivers are required to comply with the requirements of the Nebraska Public Records Statutes.
The Nebraska Public Records Statutes generally allow interested persons in Nebraska the right to examine public records in the possession of public agencies during normal agency business hours, and to make memoranda and abstracts therefrom. Public Records subject to the requirements of the Public Records Statutes are defined under § 84-712.01 as:
 . . . all records and documents, regardless of physical form, of or belonging to this state, any county, city, village, political subdivision, or tax-supported district in this state, or any agency, branch, department, board, bureau, commission, council, subunit, or committee of any of the foregoing.
Since, as discussed above, a receiver is an officer of the court which created the receivership and an "arm of the court," it appears to us that the records of the receiver directly related to the receivership are, in essence, records of the court which are subject to the Public Records Statutes. Our conclusion in that regard is supported by Torgeson v. Department of Trade andCommerce of Nebraska, 127 Neb. 38, 48, 254 N.W. 735, 740 (1934), in which the court stated:
 The books and accounts of the receiver and all other papers in or upon which appears anything pertaining to the trust or his administration thereof are quasi-public in character and so open to examination not only by the court but by all persons interested in the estate, subject to the qualification that the time and manner of such examination may not be such as to interrupt the business of the receiver or prevent resort to the books and accounts by other interested persons.
For that reason, we believe that the records of a court-appointed receiver such as the receiver for the Bellevue Bridge Commission which are directly related to the receivership are public records subject to the Public Records Statutes.[4]
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
Don Stenberg
Attorney General
[1] Our conclusion with respect to your initial question is consistent with our conclusions regarding the nature of receivers in other contexts. For example, in Op. Att'y Gen. No. 88025 (March 18, 1988), we concluded that a receiver for a school district was not the "governing body" of the school district which was entitled to make application for a low interest loan under the pertinent Nebraska statutes.
[2] The specific statutes pertaining to some governmental entities require them to file annual audit reports with the State Auditor. For example, under Neb. Rev. Stat. § 70-623 (1996), public power and irrigation districts must file an annual audit with your office.
[3] Presumably, your office has some general audit authority for the court system and individual courts in Nebraska. We assume that such an audit of a court could involve a review of any receiverships created by the court. However, that function does not require the receiver to file audit reports with your office.
[4] In that regard, we would note that the records of the receiver are subject to all portions of the Public Records Statutes including § 84-712.05 which allows certain categories of records to be kept confidential at the discretion of the governmental agency involved.