Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/09/2021 08:09 AM CST

- 473 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 29 Neb. App. 473

In re Henry B. Wilson, Jr., Revocable
Trust Dated June 27, 2002.
Lou Ann Goding, appellee, v. Roger A. Wilson
and Roseann M. Wilson, Cotrustees of the
Henry B. Wilson, Jr., Revocable Trust
Dated June 27, 2002, appellants.

In re Lou Ann Goding Trust Created by the
Henry B. Wilson, Jr., Revocable Trust Dated
June 27, 2002, and In re Lou Ann Goding
Trust Created by the Eleanor M. Wilson
Revocable Trust Dated June 27, 2002,
and the Eleanor Wilson Trust "A."
Lou Ann Goding, appellee, v. Roger A. Wilson
and Roseann M. Wilson, Cotrustees of the
Henry B. Wilson, Jr., Revocable Trust
Dated June 27, 2002, appellants.

___ N.W.2d ___

Filed February 9, 2021.    Nos. A-20-003, A-20-004.

1. **Attorney Fees: Appeal and Error.** A trial court's decision awarding
   or denying attorney fees will be upheld on appeal absent an abuse
   of discretion.
2. **Judgments: Words and Phrases.** A judicial abuse of discretion
   requires that the reasons or rulings of the trial court be clearly unten-
   able insofar as they unfairly deprive a litigant of a substantial right and
   a just result.
3. **Attorney Fees.** Attorney fees and expenses may be recovered only
   where provided for by statute or when a recognized and accepted uni-
   form course of procedure has been to allow recovery of an attorney fee.
4. **Attorney Fees: Appeal and Error.** When an attorney fee is authorized,
   the amount of the fee is addressed to the discretion of the trial court,

- 474 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 29 Neb. App. 473

whose ruling will not be disturbed on appeal in the absence of an abuse of discretion.

5. **Attorney Fees.** To determine the value of legal services rendered by an attorney, it is proper to consider the amount involved, the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised, the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services.

6. **Trusts: Attorney Fees: Costs.** Generally, if a fiduciary's defense of his or her actions is substantially successful, he or she is ordinarily entitled to recover the reasonable costs necessarily incurred in preparing the final accounting and in successfully defending it against objections.

7. **Decedents' Estates: Attorney Fees.** In general, if a fiduciary is found guilty of a breach of duty or the court orders the fiduciary to account to the estate, the estate is not liable for the fiduciary's attorney fees.

Appeals from the County Court for Sherman County: Tami K. Schendt, Judge. Affirmed.

Sheila A. Bentzen, of Rembolt Ludtke, L.L.P., for appellants.

Nicole Seckman Jilek, of Abrahams, Kaslow & Cassman, L.L.P., for appellee.

Pirtle, Chief Judge, and Moore and Riedmann, Judges.

Pirtle, Chief Judge.

## I. INTRODUCTION

Roseann M. Wilson and Roger A. Wilson appeal from an order entered in two separate cases by the county court for Sherman County concerning the administration of the Henry B. Wilson, Jr., Revocable Trust Dated June 27, 2002 (Henry's Trust) and the Lou Ann Goding Trust Created by the Eleanor M. Wilson Revocable Trust Dated June 27, 2002, and the Eleanor Wilson Trust "A" (Lou Ann's Trust). Lou Ann Goding (Lou Ann) brought separate actions related to each trust, seeking the removal of Roseann and Roger as cotrustees and seeking an accounting of the trusts' assets. The county court consolidated both cases for trial and issued a single the order,

- 475 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 29 Neb. App. 473

removing Roseann and Roger as cotrustees of both trusts, ruling on Lou Ann's objections to the trust accountings, and awarding Lou Ann attorney fees. Roseann and Roger filed two separate appeals from the order entered in both cases with respect to the issue of attorney fees. The two appeals have been consolidated for disposition in this court. For the reasons that follow, we affirm.

## II. BACKGROUND

Henry B. Wilson, Jr., and Eleanor M. Wilson had three children: Lou Ann, Roseann, and Roger. Prior to their deaths, Henry and Eleanor each created a revocable trust: Henry's Trust and the "Eleanor M. Wilson Revocable Trust." In 2002, Henry and Eleanor deeded all of their real property to their trusts.

Eleanor died on March 13, 2008. Henry then became trustee of her trust. Upon Eleanor's death, the "Eleanor M. Wilson Trust 'A'" was created pursuant to the terms of the "Eleanor M. Wilson Revocable Trust" (hereinafter, we refer to the two trusts collectively as "Eleanor's Trust"). Henry died on December 23, 2010. After their parents' deaths, Lou Ann, Roseann, and Roger became the beneficiaries of both Henry's Trust and Eleanor's Trust. Roseann and Roger were named successor cotrustees of both trusts.

At the time of Henry's death, Henry's Trust and Eleanor's Trust held over 4,200 acres of farmland and pasture ground in Sherman County, Nebraska. On December 30, 2011, and according to the terms of the trusts, real property held by Henry's Trust and Eleanor's Trust was distributed directly to three separate and unequal subtrusts in the name of each child: the Roseann Wilson Trust, the Roger Wilson Trust, and Lou Ann's Trust. Roseann and Roger were named cotrustees of each of the three subtrusts. Henry's Trust and Eleanor's Trust also provided for the distribution of the residue of their respective trusts in equal shares to their three children.

Pursuant to the terms of Henry's Trust, Roseann and Roger were to separately administer Lou Ann's Trust for the

- 476 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 29 Neb. App. 473

benefit of Lou Ann. However, aside from deeding certain property from Henry's Trust to Lou Ann's Trust in 2011, the cotrustees failed to take other action to separately administer the subtrusts. Roseann and Roger issued K-1 tax statements in the names of Henry's Trust or Eleanor's Trust only, and they continued to use only a single bank account in the name of Henry's Trust, rather than create individual accounts for each subtrust. Lou Ann did not receive income from either Henry's Trust or Lou Ann's Trust in the years following Henry's death, and the cotrustees did not issue annual reports of the trusts' assets.

In 2013, Lou Ann filed an action to have Roseann and Roger removed as cotrustees of Henry's Trust. On October 1, 2015, the county court removed the cotrustees of Henry's Trust for serious breaches of their fiduciary duties, finding that they had comingled assets, failed to keep accurate records, failed to keep Lou Ann reasonably informed of the administration of the trust, had paid personal expenses out of the trust's assets, failed to maintain the three subtrusts created by Henry's Trust as separate trusts, and failed to pay Lou Ann income from the trust. The court appointed a neutral successor trustee and also ordered Roseann and Roger to file an accounting of Henry's Trust. Additionally, the court awarded Lou Ann $20,000 in attorney fees.

Lou Ann appealed the county court's October 2015 order to this court. She assigned numerous errors related to damages stemming from Roseann and Roger's breaches of their fiduciary duty and an error related to attorney fees. She also assigned as error that the county court erred in failing to remove Roseann and Roger as cotrustees of her subtrust. In a memorandum opinion, this court affirmed the majority of the county court's October 2015 order, excepting a $2,777 surcharge to the cotrustees for property taxes. *In re Henry B. Wilson, Jr., Revocable Trust Dated June 27, 2002*, Nos. A-15-1014, A-15-1015, 2017 WL 5608085 (Neb. App. Nov. 21, 2017) (selected for posting to court website). This court further determined that the county court had removed

- 477 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 29 Neb. App. 473

Roseann and Roger as cotrustees of Lou Ann's Trust in addition to Henry's Trust and found that there was no error needing correction.

Roseann and Roger petitioned the Nebraska Supreme Court for further review, seeking clarification on the sole issue of whether the county court had removed them as cotrustees of Lou Ann's Trust. The Supreme Court found that the administration of Lou Ann's Trust had not been properly before the county court and that, consequently, Roseann and Roger had not been removed as cotrustees of Lou Ann's Trust. *In re Henry B. Wilson, Jr., Revocable Trust*, 300 Neb. 455, 915 N.W.2d 50 (2018).

While proceedings before this court and the Nebraska Supreme Court were pending, Roseann and Roger filed an accounting of Henry's Trust in the county court. Lou Ann filed objections to the accounting. In a separate action, Lou Ann filed a petition for the removal of Roseann and Roger as cotrustees of Lou Ann's Trust.

After the conclusion of the appeals process in the Henry's Trust case, the county court consolidated that case with the case involving Lou Ann's Trust for trial. On August 22 and 23, 2019, a hearing was held on the petition to remove Roseann and Roger as cotrustees of Lou Ann's Trust and on Lou Ann's objections to the accountings in both cases.

On December 3, 2019, the county court issued a single order resolving all the outstanding issues in both cases. The county court removed Roseann and Roger as cotrustees of Lou Ann's Trust, finding that "[a]lthough Roseann and Roger have taken steps to correct the breaches of their fiduciary duties that the court found were committed as Co-Trustees of Henry's trust, those breaches also occurred in, and affected, the administration of Lou Ann's trust." Specifically, the court found that the cotrustees had failed to pay Lou Ann income from the trust, failed to keep Lou Ann reasonably informed as to the administration of the trust, and failed to operate Lou Ann's subtrust separately from Henry's Trust. The county court granted

- 478 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 29 Neb. App. 473

Lou Ann $1,004 in damages resulting from amounts improperly charged to Lou Ann's Trust by the cotrustees.

Prior to trial, both the cotrustees and Lou Ann filed motions for attorney fees and accompanying affidavits. In its December 2019 order, the county court found that Roseann and Roger had paid $52,187.14 out of Henry's Trust and Eleanor's Trust for litigation fees related to Lou Ann's petition to remove them as successor cotrustees of Henry's Trust. The court found that the trusts "should not bear the costs of litigation when the Co-Trustees were removed for serious breaches of their fiduciary duties." As Lou Ann was to receive one-third of the residue of Henry's Trust, the county court found that Lou Ann had been damaged in the amount of $17,396 by the cotrustees' payment of their attorney fees from the trust assets.

The county court further found that Lou Ann should be awarded a reasonable amount of attorney fees and expenses, though it noted that "not all fees incurred [by Lou Ann] were a direct result of the actions or inactions of the Co-Trustees." The court awarded Lou Ann $45,000 in fees in case No. A-20-003, Henry's Trust case, and $30,000 in fees in case No. A-20-004, Lou Ann's Trust case.

Roseann and Roger now appeal the county court's December 2019 order on the issue of attorney fees only.

### III. ASSIGNMENTS OF ERROR

In case No. A-20-003, Henry's Trust case, Roseann and Roger assign that the county court erred in (1) awarding Lou Ann $45,000 in attorney fees, (2) failing to award the cotrustees attorney fees incurred in their capacity as cotrustees of Henry's Trust, and (3) awarding Lou Ann $17,396 in damages for attorney fees paid out of Henry's Trust.

In case No. A-20-004, Lou Ann's Trust case, Roseann and Roger assign that the court erred in (1) awarding Lou Ann $30,000 in attorney fees and (2) failing to award the cotrustees attorney fees incurred in their capacity as cotrustees of Lou Ann's Trust.

- 479 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 29 Neb. App. 473

## IV. STANDARD OF REVIEW

[1,2] A trial court's decision awarding or denying attorney fees will be upheld on appeal absent an abuse of discretion. *In re Estate of Forgey*, 298 Neb. 865, 906 N.W.2d 618 (2018). A judicial abuse of discretion requires that the reasons or rulings of the trial court be clearly untenable insofar as they unfairly deprive a litigant of a substantial right and a just result. *Id.*

## V. ANALYSIS

### 1. CASE NO. A-20-003, HENRY'S TRUST CASE

#### (a) Award of Attorney Fees to Lou Ann

Roseann and Roger argue that the county court abused its discretion in ordering them to pay Lou Ann $45,000 in attorney fees incurred during litigation of Henry's Trust. They argue that because they did not willfully breach their fiduciary duties or otherwise engage in wrongdoing with respect to the accounting of Henry's Trust, an award of fees to Lou Ann is contrary to Nebraska law.

[3,4] Attorney fees and expenses may be recovered only where provided for by statute or when a recognized and accepted uniform course of procedure has been to allow recovery of an attorney fee. *In re Estate of Forgey, supra*. In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney fees, to any party, to be paid by another party or from the trust that is the subject of the controversy. Neb. Rev. Stat. § 30-3893 (Reissue 2016). When an attorney fee is authorized, the amount of the fee is addressed to the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. *In re Estate of Forgey, supra*.

[5] To determine the value of legal services rendered by an attorney, it is proper to consider the amount involved, the nature of the litigation, the time and labor required, the

- 480 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 29 Neb. App. 473

novelty and difficulty of the questions raised, the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services. *Id.*

Here, the affidavit submitted by Lou Ann's counsel reflected that she had incurred $90,771 in fees, reflecting 485.7 hours of work completed between September 2015 and September 2019. Lou Ann's counsel charged an hourly rate between $160 and $215. These fees related to Lou Ann's appeal from the October 2015 order to this court, to Roseann and Roger's petition for further review to the Supreme Court, to formal discovery for and objections to the cotrustees' accounting of Henry's Trust, and to preparation for trial on Lou Ann's objections to the accounting. The county court denied Lou Ann's full request for attorney fees, finding that not all of the fees she incurred were a direct result of the actions or inactions of Roseann and Roger as cotrustees. Instead, the court awarded Lou Ann $45,000 in fees—roughly half of the total amount billed by her counsel.

While Roseann and Roger do not deny that they breached their fiduciary duties to Lou Ann as a beneficiary of Henry's Trust, they argue that because the county court previously awarded Lou Ann $20,000 in attorney fees in its October 2015 order, an additional award of fees would be inappropriate. They claim that the "only issue" before the court after the conclusion of the appeals process was their accounting of Henry's Trust, and they further assert that Lou Ann did not establish that they committed any breaches specific to the accounting. Brief for appellants in case No. A-20-003 at 8. Therefore, they argue the county court abused its discretion when it ordered them to pay Lou Ann attorney fees in December 2019.

Additionally, Roseann and Roger argue that because Lou Ann was largely unsuccessful in her appeal of the October 2015 order and in opposing the cotrustees' petition for further review, an award of fees to Lou Ann is not appropriate.

- 481 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 29 Neb. App. 473

To begin with, we do not believe that Roseann and Roger's attempt to isolate the 2019 proceedings in case No. A-20-003, the Henry's Trust case, from the prior litigation involving their removal as cotrustees is persuasive. It is uncontested that they committed serious breaches of their fiduciary duties, that they were removed as a result of those breaches, and that the county court ordered them to account to the estate following their removal. The county court found that while not all of Lou Ann's attorney fees were incurred as a direct result of Roseann and Roger's actions, a portion of those fees was attributable to their conduct as cotrustees. The Supreme Court has previously found no abuse of discretion by the county court in reducing a requested award of attorney fees where the reason for the reduction "was not explicit." See *In re Conservatorship of Abbott*, 295 Neb. 510, 529, 890 N.W.2d 469, 484 (2017). The sworn affidavit of Lou Ann's attorney infers that the requested fees were in addition to the fees previously awarded to Lou Ann in October 2015, and there is nothing in the record before us which would refute that inference.

There are many variables a trial court may consider when determining an award of attorney fees. The county court was in the best position to determine what attorney fees were warranted, and the record reflects that the county court reduced Lou Ann's requested fees by approximately half after due consideration of the appropriate factors. Therefore, we determine that the county court did not abuse its discretion in awarding Lou Ann $45,000 in attorney fees in case No. A-20-003, the Henry's Trust case.

### (b) Failure to Award Attorney
### Fees to Cotrustees

Roseann and Roger argue that the county court abused its discretion in failing to award them attorney fees in connection with their role as cotrustees, to be paid from Henry's Trust. They argue that the fees they incurred during litigation were "necessary to administer the trust" and to their "successful

- 482 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 29 Neb. App. 473

defense" against Lou Ann's appeal and her objections to the accounting. Brief for appellants in case No. A-20-003 at 10.

[6] In support, Roseann and Roger cite to *Rapp v. Rapp*, 252 Neb. 341, 562 N.W.2d 359 (1997). In *Rapp*, the Supreme Court held that if a fiduciary's defense of his or her actions is "substantially successful," he or she is ordinarily entitled to recover the reasonable costs necessarily incurred in preparing the final accounting and in successfully defending it against objections. 252 Neb. at 345, 562 N.W.2d at 362. Roseann and Roger argue that the holding in *Rapp* applies to their case and that they should therefore recover the fees and expenses they incurred in defending against Lou Ann's objections to the accounting, since they were substantially successful in that defense.

[7] However, after *Rapp v. Rapp, supra*, the Supreme Court clarified that its decision in that case "left undisturbed the principle that if a fiduciary is found guilty of a breach of duty or the court orders the fiduciary to account to the estate, the estate is not liable for the fiduciary's attorney fees." *In re Trust Created by Martin*, 266 Neb. 353, 361, 664 N.W.2d 923, 929 (2003). Here, it is uncontested that Roseann and Roger breached their fiduciary duties to Lou Ann as a beneficiary of Henry's Trust, that the county court removed them as successor cotrustees, and that the county court further ordered them to prepare an accounting to the trust estate. Therefore, the rule reiterated by the Supreme Court in *In re Trust Created by Martin, supra*, applies.

Consequently, we determine that the county court did not abuse its discretion in declining to enter an order reimbursing Roseann and Roger's attorney fees from the property of Henry's Trust.

### (c) Award of Damages
### to Lou Ann

Roseann and Roger argue that the county court abused its discretion in awarding Lou Ann damages in the amount of $17,396 for funds taken from Henry's Trust to pay for

- 483 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 29 Neb. App. 473

the cotrustees' litigation expenses. They claim that although they were removed as successor cotrustees of Henry's Trust for breaches of fiduciary duty, the trust should still bear the costs of their attorney fees because the county court rejected "many of Lou Ann's claims for damages," and that therefore, they "successfully defended many of Lou Ann's claims." Brief for appellants in case No. A-20-003 at 13.

Roseann and Roger point to Nebraska precedent holding that it is not an abuse of discretion to reimburse a trustee's attorney fees from the trust property where the county court does not find an "intentional breach" of the trustee's fiduciary duties and where the county court appeared to remove the trustee primarily due to her lack of urgency in fulfilling her duties. See *In re Trust of Rosenberg*, 273 Neb. 59, 77, 727 N.W.2d 430, 446 (2007). However, the facts of this case are not similar to those in *In re Trust of Rosenberg*.

In its order, the county court found that Roseann and Roger had paid $52,187.14 out of Henry's Trust for attorney fees that "were related to [their] removal . . . as Co-Trustees of Henry's trust." The court further found that the trust should not bear the costs of litigation when the cotrustees were removed for "serious breaches of their fiduciary duties." If a fiduciary is found guilty of a breach of duty or the court orders the fiduciary to account to the estate, the estate is not liable for the fiduciary's attorney fees. *In re Trust Created by Martin, supra.*

We conclude that the county court did not abuse its discretion when it awarded Lou Ann $17,396 in damages for attorney fees paid out of Henry's Trust.

### 2. Case No. A-20-004, Lou Ann's Trust Case

#### (a) Award of Attorney Fees to Lou Ann

With respect to Lou Ann's Trust, Roseann and Roger argue that the county court abused its discretion in ordering them to pay $30,000 in attorney fees incurred as a result of

- 484 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 29 Neb. App. 473

Lou Ann's petition to remove the cotrustees and her objections to the cotrustees' accounting. They argue that they "did not willfully breach any duties" and that the county court found that by the time of their removal, they had "in effect cured" their breaches. Brief for appellants in case No. A-20-004 at 10. However, they misstate the county court's December 2019 order.

The court first stated that it had removed Roseann and Roger as successor cotrustees of Henry's Trust because they had committed serious breaches of trust in numerous respects. The order suggests that the county court did not also remove Roseann and Roger as cotrustees of Lou Ann's Trust at that time because the administration of Lou Ann's Trust was not properly before the court in those proceedings.

Further, the court found that although the cotrustees "have taken steps to correct the breaches of their fiduciary duties [with respect to Henry's Trust], those breaches also occurred in, and affected, the administration of Lou Ann's trust." The court found that Roseann and Roger failed to pay Lou Ann income from the trust, failed to keep Lou Ann reasonably informed about the trust administration, and failed to operate her sub-trust separately from Henry's Trust. The court then awarded Lou Ann $30,000 in attorney fees in case No. A-20-004, the Lou Ann's Trust case.

The affidavit of Lou Ann's counsel showed that she had billed a total of $37,152.50 for 201.5 hours of work at an hourly rate of $160 to $215. The county court ultimately did not award Lou Ann all of her requested fees, finding that "not all fees incurred were a direct result of the actions or inactions of the Co-Trustees." The record reflects that litigation in this case was lengthy and that the procedural history was complicated.

In light of the above facts, we cannot say that the county court abused its discretion in awarding Lou Ann $30,000 in attorney fees incurred in her action to remove Roseann and Roger as cotrustees of Lou Ann's Trust.

- 485 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 29 Neb. App. 473

### (b) Failure to Award Attorney
### Fees to Cotrustees

Finally, Roseann and Roger argue that the county court abused its discretion in failing to award them attorney fees they incurred in litigating Lou Ann's petition for their removal as cotrustees and her objections to the accounting. Largely, Roseann and Roger repeat the same arguments raised in the case involving Henry's Trust, discussed above. They claim that even if they breached their fiduciary duties, such breach was not intentional, and that therefore, the trust should bear the costs of litigation. See *In re Trust of Rosenberg*, 273 Neb. 59, 727 N.W.2d 430 (2007).

However, if a fiduciary is found guilty of a breach of duty or the court orders the fiduciary to account to the estate, the estate is not liable for the fiduciary's attorney fees. *In re Trust Created by Martin*, 266 Neb. 353, 664 N.W.2d 923 (2003). In this case, the county court found that Roseann and Roger breached their fiduciary duties as cotrustees of Lou Ann's Trust and ordered them to complete an accounting of the trust assets. On appeal, Roseann and Roger have not taken exception with these findings, nor are they contesting their removal as cotrustees of Lou Ann's Trust for breach of fiduciary duties. We therefore conclude that the county court did not abuse its discretion in denying Roseann and Roger an award of attorney fees to be paid from Lou Ann's Trust.

### VI. CONCLUSION

We determine that the county court did not abuse its discretion in awarding Lou Ann $75,000 in attorney fees across both cases; nor did the court abuse its discretion in denying Roseann and Roger attorney fees or in ordering them to pay Lou Ann damages for attorney fees paid out of Henry's Trust. Therefore, we affirm the order of the county court in both cases.

Affirmed.