Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/05/2018 08:13 AM CDT

- 455 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 300 Neb. 455

In re Henry B. Wilson, Jr., Revocable Trust
Dated June 27, 2002.
Lou Ann Goding, appellant, v. Roger A. Wilson
and Roseann M. Wilson, Cotrustees of the
Henry B. Wilson, Jr., Revocable Trust
Dated June 27, 2002, appellees.

___ N.W.2d ___

Filed July 13, 2018.    No. S-15-1014.

1. **Trusts: Equity: Appeal and Error.** Absent an equity question, an appellate court reviews trust administration matters for error appearing on the record; but where an equity question is presented, appellate review of that issue is de novo on the record.
2. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
3. **Decedents' Estates: Trusts: Equity: Appeal and Error.** The removal of a trustee is a question of equity, and therefore an appellate court reviews de novo the question of whether a trustee was properly removed.
4. **Pleadings.** The issues in a given case will generally be limited to those which are pled.
5. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.
6. **Courts: Judgments: Appeal and Error.** Upon further review from a judgment of the Nebraska Court of Appeals, the Nebraska Supreme Court will not reverse a judgment which it deems to be correct simply because its reasoning differs from that employed by the Court of Appeals.

Petition for further review from the Court of Appeals, Moore, Chief Judge, and Riedmann and Bishop, Judges, on appeal

thereto from the County Court for Sherman County, TAMI K. SCHENDT, Judge. Judgment of Court of Appeals affirmed.

Nicole Seckman Jilek, Robert M. Schartz, and Thomas J. Malicki, of Abrahams, Kaslow & Cassman, L.L.P., and, on brief, Jeffrey J. Blumel, for appellant.

Larry W. Beucke, of Parker, Grossart, Bahensky, Beucke, Bowman & Symington, L.L.P., and Sheila A. Bentzen and Anthony M. Aerts, of Rembolt Ludtke, L.L.P., for appellees.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, and PAPIK, JJ., and VAUGHAN, District Judge.

FUNKE, J.

This matter concerns the administration of the "Henry B. Wilson, Jr., Revocable Trust Dated June 27, 2002" (Henry's Trust or Trust), and the related issue of the administration of three subtrusts created by Henry's Trust upon his death. Henry B. Wilson, Jr.'s daughter, Lou Ann Goding (Lou Ann), filed suit, asserting the mismanagement of Henry's Trust, and following a trial, the county court for Sherman County removed the cotrustees of Henry's Trust. Lou Ann appealed, asserting several errors, including that the county court failed to remove the cotrustees of her subtrust.

In a memorandum opinion, the Nebraska Court of Appeals interpreted the county court's order to have removed the cotrustees of Lou Ann's subtrust and concluded that there was no error in need of correction.[1] Upon further review, we determine the Court of Appeals erred in interpreting the county court's order to have removed the cotrustees of the subtrusts. However, our ultimate conclusion on the judgment is the same. Therefore, although our reasoning differs from that of the Court of Appeals, we affirm.

---

[1] See *In re Henry B. Wilson, Jr., Revocable Trust*, Nos. A-15-1014, A-15-1015, 2017 WL 5608085 (Neb. App. Nov. 21, 2017) (selected for posting to court website).

- 457 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 300 Neb. 455

## BACKGROUND

Henry died on December 23, 2010. He was preceded in death by his wife, Eleanor Wilson, and was survived by three adult children, Lou Ann, Roseann Wilson, and Roger Wilson. During their lifetimes, Henry and Eleanor created an estate plan which included revocable trusts and pour-over wills. After Henry's death, Roseann and Roger were named successor cotrustees of Henry's Trust and copersonal representatives of Henry's estate.

The documents for Henry's Trust and Eleanor's trust provided that upon the death of the last surviving spouse, real property interests within each trust were to be distributed to three separate and unequal subtrusts in the name of each of their children: the "Lou Ann Goding Trust," the "Roger A. Wilson Trust," and the "Roseann M. Wilson Trust." Henry's Trust and Eleanor's trust also distributed the residue of their respective trusts in equal shares to their three children. The three separate and unequal subtrusts had identical language regarding trust management. In relevant part, the instructions for the Lou Ann Goding Trust directed the trustee of the subtrust, "Until the death of my said daughter, LOUANN [sic] GODING, the trustee shall pay the net income from the trust in convenient installments (at least annually) to my said daughter so long as my said daughter shall live."

At the time of Henry's death, Henry's Trust owned approximately 4,200 acres of land. In accordance with the Trust's language, in December 2011, the successor trustees transferred real estate previously owned by Henry's Trust and Eleanor's trust to the three subtrusts. However, no other steps were taken to administer the three subtrusts, such as opening separate bank accounts, obtaining federal tax identification numbers, or filing tax returns. The cotrustees continued to operate Henry's Trust for convenience as opposed to separately operating the subtrusts.

An estate proceeding was opened in county court to address assets that were not identified in Henry's Trust, did not have

- 458 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 300 Neb. 455

a beneficiary, or were not payable on death to the Trust. An estate inventory was filed on December 28, 2011, and an inheritance tax worksheet and receipt were all signed "right at the end of December." According to the attorney who prepared Henry's estate plan and drafted Henry's will and Henry's Trust, the estate was ready to close at that point, but it had not been closed because of the pending litigation.

In separate cases, Lou Ann filed petitions for the removal of Roseann and Roger as copersonal representatives of Henry's estate and cotrustees of Henry's Trust, and the matters were consolidated for trial.

## County Court

In the trust case, the county court concluded that Roseann and Roger had breached their fiduciary duties as cotrustees of Henry's Trust, under Neb. Rev. Stat. § 30-3875 (Reissue 2016), by failing to keep accurate records, commingling assets, and not keeping the cotrustees' property separate from Henry's Trust property. The court also found the cotrustees breached their fiduciary duties under Neb. Rev. Stat. § 30-3878 (Reissue 2016) by failing to keep beneficiaries of the Trust reasonably informed about the administration of the Trust and of the material facts necessary for them to protect their interests. Finally, the county court determined the cotrustees breached their fiduciary duties by using the Trust assets to pay for personal expenses, failing to maintain the subtrusts created by Henry's Trust as separate trusts, and failing to pay the income from the Trust to Lou Ann.

The county court found the foregoing breaches qualified as serious breaches under Neb. Rev. Stat. § 30-3862 (Reissue 2016) and that it was in the best interests of the administration of the Trust to remove Roseann and Roger as cotrustees of Henry's Trust. The county court removed the cotrustees (except for their duty to provide an accounting), ordered an accounting, surcharged the cotrustees $73,675.88 for payments made from the assets of the Trust for personal expenses and

expenses that were not the responsibility of the Trust, and awarded attorney fees in the amount of $20,000 in favor of Lou Ann and against the cotrustees, jointly and severally. The court also appointed an attorney as a successor trustee.

In the estate case, the county court found that under the terms of Henry's will, any residue of Henry's estate poured over into the Trust and that the Trust was the only beneficiary of the estate. As a result, the court found that all of Lou Ann's claims for unaccounted property and for damages were claims for the Trust administration and not the estate proceeding.

Accordingly, the county court dismissed Lou Ann's petition for the termination of appointment and the removal of the copersonal representatives, appointment of a successor personal representative, an accounting, and a surcharge. The court also overruled Lou Ann's objection to the inventory. The court ordered the copersonal representatives to file a final accounting, a schedule of distribution, and a formal petition for complete settlement of the estate within 30 days.

## COURT OF APPEALS

Lou Ann assigned 14 errors to the county court's order, consolidated and restated as follows: As to the Trust case, Lou Ann assigned that the court erred in (l) failing to surcharge Roseann and Roger for various amounts paid from the Trust, (2) making a mathematical error in the total surcharge amount ordered, (3) failing to remove Roseann and Roger as cotrustees of her subtrust, (4) failing to award amounts due to Lou Ann under the Trust, (5) excluding certain testimony and exhibits, (6) making an insufficient award of attorney fees and costs, and (7) ordering beneficiaries of the Trust to pay the successor trustee's fee if there are insufficient assets in the Trust. As to the estate case, Lou Ann assigned that the court erred in (1) failing to remove Roseann and Roger as copersonal representatives of the estate, (2) not assessing a surcharge, and (3) overruling Lou Ann's objection to the estate's inventory.

- 460 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 300 Neb. 455

Upon considering each of Lou Ann's assignments of error, the Court of Appeals modestly increased the surcharge to the cotrustees for amounts paid from the Trust, but affirmed the county court's order in all other respects. The court further determined that the county court's removal of Roseann and Roger as cotrustees and appointment of a successor trustee applied to Henry's Trust and Lou Ann's separate subtrust and that therefore, no correction was needed.

In doing so, the Court of Appeals relied on language from the trial court's order which stated that the cotrustees breached their fiduciary duties by "failing to maintain the sub trusts created by the Trust as separate trusts and by failing to pay the income from the Trust to Lou Ann." The Court of Appeals determined that "[a]lthough the county court was unwilling to consider evidence specific to the administration of the subtrusts, its conclusion that the cotrustees should be removed as cotrustees stemmed from breaches of their fiduciary duties to Henry's Trust and their responsibilities to the subtrusts."[2]

The Court of Appeals further noted that the plain language of Henry's Trust did not distinguish between the trustee of the Trust and the subtrusts and that when referencing the subtrusts, the document states that "'[t]he trustee shall hold, administer, and distribute all of the trustee's right, title, and interest in and to the following described real property.'"[3] In addition, the court noted that there were no separate appointment procedures or processes related to the subtrusts.

Consequently, the Court of Appeals determined that the county court's removal of Roseann and Roger as cotrustees and appointment of a successor trustee applied to Henry's Trust and to Lou Ann's separate subtrust.

## ASSIGNMENTS OF ERROR

Roseann and Roger petitioned for further review of the trust case only. They assign, restated, that the Court of Appeals

---

[2] *Id.* at *9.

[3] *Id.* at *10.

- 461 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 300 Neb. 455

erred (1) in interpreting the county court's order to mean that the removal of Roseann and Roger as cotrustees and appointment of a successor trustee applied to Henry's Trust and Lou Ann's separate subtrust; (2) by exceeding its authority, because the issue of removing the cotrustees of Lou Ann's subtrust was not before or considered by the county court; and (3) in considering Lou Ann's assignment of error that the county court failed to remove Roseann and Roger as cotrustees of her subtrust, because that issue was raised for the first time on appeal.

## STANDARD OF REVIEW

[1-3] Absent an equity question, an appellate court reviews trust administration matters for error appearing on the record; but where an equity question is presented, appellate review of that issue is de novo on the record.[4] When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[5] The removal of a trustee is a question of equity, and therefore an appellate court reviews de novo the question of whether a trustee was properly removed.[6]

## ANALYSIS

Roseann and Roger argue the Court of Appeals' reading of the county court's order with respect to Lou Ann's subtrust is incorrect. They contend that the county court's order provided a clear statement that "[t]he administration of the sub trusts [is] not an issue properly before this Court" and that Lou Ann's petition concerned only Henry's Trust and did not

---

[4] *In re Trust of Shire*, 299 Neb. 25, 907 N.W.2d 263 (2018); *In re Estate of Radford*, 297 Neb. 748, 901 N.W.2d 261 (2017); *In re Estate of Robb*, 21 Neb. App. 429, 839 N.W.2d 368 (2013).

[5] *In re Estate of Hasterlik*, 299 Neb. 630, 909 N.W.2d 641 (2018); *In re Estate of Muncillo*, 280 Neb. 669, 789 N.W.2d 37 (2010).

[6] See *In re Estate of Robb, supra* note 4.

include any allegations about the subtrusts or request that the cotrustees be removed from the subtrusts.

Lou Ann argues that Roseann and Roger are the cotrustees of all of the trusts and that "the Court of Appeals did not misinterpret the trial court order as removing Roseann and Roger as cotrustees of the subtrusts."[7] Lou Ann contends that the cotrustees had notice that the administration of the subtrusts was at issue, because a single document created Henry's Trust and the subtrusts and because Lou Ann attached the document to her petition. She argues the evidence showed that the cotrustees commingled the affairs of Henry's Trust and the subtrusts and treated them as one trust. Lou Ann claims the Court of Appeals merely affirmed the county court's order and "made no change to the trial court order" and "did not modify the county court's order in any manner."[8]

We are mindful that, with respect to this narrow issue, Lou Ann took a contrary position in her appeal from the county court. In her appellate brief, Lou Ann argued that "the trial court failed to remove the Co-Trustees as trustees from the Lou Ann Trust"[9] and assigned as error that "[t]he trial court erred in failing to remove the Co-Trustees as trustees of the Lou Ann Trust sub-trust . . . ." It is thus apparent that prior to the Court of Appeals' opinion, Lou Ann believed that the county court did not remove the cotrustees of her subtrust, and thus, she requested the Court of Appeals to grant her relief that the county court did not grant.

We agree with Roseann and Roger that the Court of Appeals' interpretation that the county court's order removed the cotrustees of Lou Ann's subtrust was incorrect. The petition filed by Lou Ann identifies Roseann and Roger as the cotrustees of Henry's Trust. Further, the petition seeks the removal of Roseann and Roger as cotrustees. However, the pleadings

---

[7] Brief for appellant in response to petition for further review at 4.

[8] *Id.* at 2 and 3.

[9] Brief for appellant at 41-42.

- 463 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 300 Neb. 455

make no reference to the subtrusts created by Henry's Trust or to the removal of the cotrustees of the subtrusts.

[4] The issues in a given case will generally be limited to those which are pled.[10] Lou Ann did not amend her petition prior to trial or during trial to raise the claim of the removal of the cotrustees of her subtrust, and the county court made the following specific finding:

Roseann . . . and Roger . . . are the Co-Trustees of the . . . Trust . . . . The Co-Trustees have administered the Trust and sub-trusts created by the Trust since Henry['s] Death on December 23, 2010. The real estate that [Henry] had transferred to the Trust prior to his death was deeded by the Co-Trustees to the sub trusts on December 23, 2011. The administration of the sub trusts are not an issue properly before this Court.

In addition, throughout the trial, the court excluded evidence regarding the administration of the subtrusts as going beyond the petition. For example, the court sustained objections to testimony on issues such as how the cotrustees might have damaged Lou Ann's subtrust and the extent of such damage. In one instance, Lou Ann sought to introduce evidence of the reasonable rental rates for a piece of land that was deeded to Lou Ann's subtrust. The court sustained Roseann and Roger's objection and limited the questioning to the time period when Henry's Trust owned the land. The court agreed that Henry's Trust did not own the land after the transfer in 2011 and excluded evidence of income generated in 2012 through 2014.

The county court's order further stated that "the Co-Trustees Roseann . . . and Roger . . . are removed as trustees of the . . . Trust." Thus, the county court determined that Lou Ann had not sufficiently pled the issue of removing the cotrustees of Lou Ann's subtrust prior to trial. On appeal, Lou Ann requested

---

[10] See *In re Conservatorship of Abbott*, 295 Neb. 510, 890 N.W.2d 469 (2017).

- 464 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
IN RE HENRY B. WILSON, JR., REVOCABLE TRUST
Cite as 300 Neb. 455

that the Court of Appeals remove the cotrustees of her subtrust de novo, but the Court of Appeals did not do so. The Court of Appeals found no error in need of correction, and Lou Ann did not file a cross-petition for further review.

We also find persuasive Roseann and Roger's argument that the Court of Appeals' interpretation creates an ambiguity which leaves in limbo the status of the cotrustees of their own respective subtrusts.

Lou Ann now argues the Court of Appeals limited its decision to only remove the cotrustees from Henry's Trust and her subtrust. In support of this contention, she references the Court of Appeals' statement that the "county court's removal of Roseann and Roger as cotrustees and appointment of a successor trustee applied to Henry's Trust and *Lou Ann's separate subtrust*."[11] However, the Court of Appeals also stated that "the court's removal of the cotrustees necessarily applied to Roseann and Roger as cotrustees of the Trust and the *subtrusts*."[12]

As noted, in response to Roseann and Roger's petition for further review of the trust case, Lou Ann took the position that the trial court order removed Roseann and Roger as cotrustees of all of the subtrusts. Moreover, Lou Ann filed a supplemental brief pursuant to Neb. Ct. R. App. P. § 2-102(H) (rev. 2015) which stated that the "Court of Appeals did not misinterpret the county court's order with respect to the removal of the cotrustees of the *subtrusts*."[13] Therefore, the Court of Appeals' opinion does indeed create an ambiguity with respect to Roseann's and Roger's subtrusts, and it granted Lou Ann relief beyond what she had elected.

---

[11] *In re Henry B. Wilson, Jr., Revocable Trust, supra* note 1, 2017 WL 5608085 at *10 (emphasis supplied).

[12] *Id.* at *9 (emphasis supplied).

[13] Supplemental brief for appellant in response to petition for further review at 3 (emphasis supplied) (see § 2-102(H)).

[5] Upon further review, we find the county court did not remove Roseann and Roger as cotrustees of the subtrusts. Therefore, the Court of Appeals' interpretation of the county court's order on this narrow issue was made in error. Because we find merit to Roseann and Roger's first assignment of error, we need not address their remaining assignments of error. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[14]

[6] While our reasoning differs from that employed by the Court of Appeals, our ultimate conclusion that the county court did not err is the same. Upon further review from a judgment of the Court of Appeals, this court will not reverse a judgment which it deems to be correct simply because its reasoning differs from that employed by the Court of Appeals.[15]

## CONCLUSION

The county court's determination that the administration of the subtrusts was not an issue properly before the county court was not in error. The Court of Appeals erred in its decision in the trust case when it concluded that the county court removed Roseann and Roger as cotrustees of Lou Ann's subtrust and appointed a successor trustee.

Affirmed.

---

[14] *Nesbitt v. Frakes, ante* p. 1, 911 N.W.2d 598 (2018).

[15] *State v. Ratumaimuri*, 299 Neb. 887, 911 N.W.2d 270 (2018).