Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2024 06:08 PM CDT

IN RE MICHAEL HESSLER LIVING TRUST.
HEIDI SHADDICK ET AL., APPELLANTS, V. ROBERT
HESSLER, SUCCESSOR TRUSTEE OF THE
MICHAEL HESSLER LIVING TRUST,
AND LORI J. MILLER, APPELLEES.

___ N.W.3d ___

Filed May 10, 2024.    No. S-23-472.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law.
2. **Judgments: Appeal and Error.** An appellate court independently reviews questions of law decided by a lower court.
3. **Venue: Appeal and Error.** Where the record does not show an abuse of discretion, a ruling on a motion to transfer venue will not be disturbed on appeal.
4. **Judgments: Words and Phrases.** A judicial abuse of discretion requires that the reasons or rulings of the trial court be clearly untenable insofar as they unfairly deprive a litigant of a substantial right and a just result.
5. **Rules of Evidence: Appeal and Error.** Where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, the admissibility of evidence is reviewed for an abuse of discretion.
6. **Trusts: Equity: Judgments: Evidence: Appeal and Error.** Absent an equity question, an appellate court reviews trust administration matters for error appearing on the record; but where an equity question is presented, appellate review of that issue is de novo on the record. When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions concerning the matters at issue.

7. **Wills: Trusts.** The interpretation of the words in a will or a trust presents a question of law.

8. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

9. **Trusts: Appeal and Error.** Appellate review under the Nebraska Uniform Trust Code is governed by Neb. Rev. Stat. § 30-1601 (Cum. Supp. 2022), which statute incorporates the rules of appealability in civil matters, including Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2022).

10. **Final Orders.** Under Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2022), a final order includes an order made during a special proceeding and affecting a substantial right.

11. **Final Orders: Words and Phrases.** A substantial right is an essential legal right, not a mere technical right.

12. **Final Orders: Appeal and Error.** A substantial right is affected if an order affects the subject matter of the litigation, such as by diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken.

13. **____: ____.** Having a substantial effect on a substantial right depends most fundamentally on whether the right could otherwise effectively be vindicated through an appeal from the final judgment.

14. **Final Orders: Venue.** Under Nebraska's final order jurisprudence, an order transferring venue to another county in Nebraska does not affect a substantial right.

15. **Trial: Evidence: Appeal and Error.** In a civil case, the admission or exclusion of evidence is not reversible error unless it unfairly prejudiced a substantial right of the complaining party.

16. **Decedents' Estates: Taxation.** The inheritance tax is a tax on the beneficiary, not the decedent.

17. **Decedents' Estates: Taxation: Wills.** The burden of inheritance taxes will be imposed upon the individual beneficiaries of the decedent in accordance with the statutory pattern unless there is a clear and unambiguous direction to the contrary in the will or other governing instrument.

18. **Decedents' Estates: Taxation: Wills: Intent.** A testator or settlor who wants to shift the burden of the inheritance tax may employ any word or combination of words that the testator or settlor desires, and a few simple words might be enough to show his or her intent. But the direction in the will, trust, or other governing instrument must be clear and unambiguous in order to supplant the statutory pattern. Any ambiguities are resolved in favor of the statutory pattern.

Appeal from the County Court for Scotts Bluff County: Kris D. Mickey, Judge. Affirmed.

Cathy S. Trent-Vilim, Daniel J. Waters, and John M. Walker, of Lamson, Dugan & Murray, L.L.P., for appellants.

Andrew W. Snyder and Thomas T. Holyoke, of Holyoke, Snyder, Longoria, Reichert & Rice, P.C., L.L.O., and Jeffery T. Peetz and Allyson G. Rafferty, of Peetz, Koerwitz & Lafleur, P.C., L.L.O., for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

A decedent's trust provided for payment of inheritance taxes "from this trust," devised a house "outright" to the decedent's girlfriend, and bequeathed the trust's residuary to his three children. After the trustee deeded the house to the girlfriend and allocated all inheritance tax to the trust's residuary, the children sued. Because we agree with the county court that the trust's language was sufficiently clear to supplant the statutory pattern that would otherwise presume equitable apportionment of inheritance tax, we affirm.

## BACKGROUND

This case involving the "The Michael Hessler Living Trust" (the trust) is before us again following our dismissal of the first appeal for lack of jurisdiction.[1] After identifying the parties and discussing the trust and its registration, we set forth the relevant procedural background leading to the instant appeal.

### Parties

Michael A. Hessler (the decedent) was the settlor of the trust. He had three children: Heidi Shaddick, Amber Rocha,

---

[1] See *In re Hessler Living Trust*, 313 Neb. 607, 985 N.W.2d 589 (2023).

and Brock Hessler (collectively the children). The decedent died in November 2020.

In 2009 or 2010, the decedent began a romantic relationship with Lori J. Miller. The decedent and Miller never married, but they were living together at the time of his death.

Robert Hessler is the successor trustee (trustee) of the trust.

## TRUST AND AMENDMENTS

In 2006, the decedent executed the trust. According to the trust's language, the decedent was "desirous of establishing a trust for the benefit of his children, issue and himself."

The focus of this appeal is paragraph 7 of the trust. The first two subparts of that paragraph provided for the payment of taxes, expenses, and debts. The latter two subparts addressed distribution of personal property, income, and principal. The paragraph stated:

7. USAGE OF TRUST PROPERTY ON AND AFTER SETTLOR'S DEATH.

a. **PAYMENT OF TAXES.** The Successor Trustee shall pay from this trust all inheritance and estate taxes due by reason of the Settlor's death irrespective of whether such taxes are in respect of the trust property.

b. **PAYMENT OF EXPENSES AND DEBTS.** The Successor Trustee shall pay the funeral and related expenses of the Settlor together with the expenses of last illness not covered by [M]edicare or insurance. Additionally, the Successor Trustee may pay such of the debts and obligations of the Settlor as the Successor Trustee determines appropriate under the circumstances. In further addition, the Successor Trustee may pay the expenses of administering Settlor's estate, it being the express intention of the Settlor that the Successor Trustee take such actions as are appropriate to bring about an efficient and orderly administration of Settlor's estate.

c. **DISTRIBUTION OF TANGIBLE PERSONAL PROPERTY.** The Successor Trustee shall distribute

items of tangible personal property pursuant to and in accordance with a list prepared by the Settlor and delivered to the Successor Trustee, or found among Settlor's documents and papers after death, indicating certain items of such property and the person to whom each item is to be distributed. In the event no list is found or in the event there are items of such property not mentioned on a list, then such property or the omitted items shall pass as part of the remaining trust property disposed of hereinbelow.

   **d. DISTRIBUTION OF INCOME AND PRINCIPAL.** The Successor Trustee shall divide the remaining trust property (including any additions thereto, any income added to principal and any undistributed income) into equal shares, one for each of the Settlor's then living children and any deceased child of the Settlor who has left then living issue. Each share so created shall be held, administered and disposed of under the following terms and provisions[.]

The decedent subsequently amended the trust four times. Each amendment included a paragraph "**1.**" containing the modification and a paragraph "**2. AFFIRMATION OF TRUST**" stating that "[t]he Trust is hereby ratified and affirmed as amended herein." Only the third amendment, made in August 2017, modified paragraph 7. That amendment provided that the decedent's real estate in Lancaster County, Nebraska (the residence), be distributed to Miller. The amendment stated:

   **1. CHANGE IN DISPOSITIVE PROVISIONS**. Prior to making any distributions in accordance with paragraph 7.d. of the Trust Agreement, Settlor's home . . . owned by this trust shall be distributed outright to . . . **Miller** but only in the event that she is living in such home at the time of Settlor's death. The legal description of the home is . . . Lancaster County, Nebraska.

### REGISTRATION OF TRUST AND CONVEYANCE

Approximately 3 months after the decedent's death, the trustee registered the trust in Scotts Bluff County, Nebraska. According to the trust registration statement, Scotts Bluff County was the county of the trustee's residence, the principal place of administration of the trust, and the location of the records pertaining to the trust.

Days after registering the trust, the trustee conveyed the residence to Miller by a deed of distribution.

### TENTATIVE INHERITANCE TAX DETERMINATION

According to an inventory, the trust property was valued at $964,610.47. Of that amount, $592,000 constituted the fair market value of the residence. Chapter 77, article 20, of the Nebraska Revised Statutes imposes inheritance taxes on a beneficiary's distribution based on the beneficiary's relationship to the decedent.[2] Because the decedent and Miller never married, her distribution is taxed at a higher rate than the distributions to the children.[3] According to a tentative inheritance tax determination, the tax attributable to property received by Miller was $94,627.04, while the tax attributable to property received by each of the children was $710.50.

### PETITION TO REMOVE TRUSTEE AND FOR OTHER RELIEF

The children filed a petition against the trustee and Miller in the county court for Lancaster County. They alleged that venue was proper in Lancaster County because it was where the residence was located, where Miller resided, and where the decedent resided at the time of his death. Among other relief, the children requested the removal of the trustee, the setting aside of the real estate transfer, and a declaratory judgment declaring the parties' rights and duties with respect

---

[2] *In re Estate of Larson*, 311 Neb. 352, 972 N.W.2d 891 (2022).

[3] See Neb. Rev. Stat. §§ 77-2004 and 77-2006 (Reissue 2018).

to the inheritance tax consequences of Miller's rights to the residence. The children alleged that a proportionate share of the inheritance tax and administrative expenses attributable to the residence's value should be paid out of Miller's share of the trust.

## Motion to Transfer Venue

The trustee moved to transfer venue to Scotts Bluff County. The motion stated that the trust was registered in Scotts Bluff County and that the trustee resided in that county.

The county court for Lancaster County sustained the motion and transferred venue to the county court for Scotts Bluff County. The court reasoned that the essence of the children's petition was an effort to challenge the validity of amendments to the trust and certain actions by the trustee and not a recovery of real property.

## Partial Summary Judgment

The children moved for partial summary judgment. They asserted that the trust did not provide specific direction regarding the apportionment of applicable inheritance taxes and that such taxes should be equitably apportioned among the persons interested in the estate. Miller also moved for partial summary judgment. She asserted that the decedent directed the trustee to pay Miller's share of the inheritance tax from the residuary of the estate.

The court received evidence during a hearing on the motions for partial summary judgment. The trustee offered the affidavit of the attorney who drafted the trust and its amendments. The children objected to a paragraph of the affidavit, which they asserted was an attempt to enter parol evidence to interpret a specific provision of the trust. The court overruled the objection as to admissibility and received the affidavit into evidence. The court also received Miller's affidavit, which established that she had lived with the decedent in the residence since its purchase in 2014.

Subsequently, the court entered an order (apportionment order) granting Miller's motion for partial summary judgment on the inheritance tax issue and denied the children's motion. The court reasoned that the trust, together with the third amendment, was "sufficiently clear to supplant the statutory inheritance tax pattern . . . that would otherwise presume equitable apportionment of the inheritance tax obligation among the various trust beneficiaries." The court stated that "[t]he fact that an inheritance tax expense may be disproportionately attributable to trust assets received by one beneficiary over another . . . is immaterial in this case."

## First Appeal

The children purported to appeal from the apportionment order and the order transferring venue. We determined that the apportionment order was not a final order.[4] We stated that the record did not include a final determination of inheritance tax. Thus, we dismissed the appeal for lack of jurisdiction.

## Subsequent Proceedings

The trustee filed a petition for final determination of inheritance tax, approval of final accounting, and approval of attorney and trustee fees, along with an inheritance tax worksheet. The children objected to the proposed final inheritance tax submission.

On May 25, 2023, the court entered an order. It accepted and approved the inheritance tax worksheet for final determination of inheritance tax but changed the trustee fee. The court assessed inheritance tax of $734.10 against each of the children and of $92,939.90 against Miller. The court readopted its earlier apportionment order concerning the burden of the payment of the tax.

On June 22, 2023, the children appealed. According to the notice of appeal, they sought to challenge the May 25

---

[4] See *In re Hessler Living Trust, supra* note 1.

order, the apportionment order, and "[s]uch other interlocutory orders as deemed necessary or appropriate." We moved the appeal to our docket.[5]

## ASSIGNMENTS OF ERROR

The children separately assign, to two different courts, three errors, which we reorder and restate. They allege that the county court for Lancaster County erred in transferring venue to Scotts Bluff County. The children allege that the county court for Scotts Bluff County erred in receiving extrinsic evidence to determine the decedent's intent and in concluding that all inheritance taxes were to be paid out of the residue of the estate instead of proportionally by the respective beneficiaries. The trustee and Miller assert in their briefs that we lack jurisdiction over the children's venue assignment of error.

## STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law.[6]

[2] An appellate court independently reviews questions of law decided by a lower court.[7]

[3] Where the record does not show an abuse of discretion, a ruling on a motion to transfer venue will not be disturbed on appeal.[8]

[4] A judicial abuse of discretion requires that the reasons or rulings of the trial court be clearly untenable insofar as they unfairly deprive a litigant of a substantial right and a just result.[9]

[5] Where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court,

---

[5] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2022).

[6] *Clason v. LOL Investments, ante* p. 91, 3 N.W.3d 94 (2024).

[7] *Id*.

[8] *Bloedorn Lumber Co. v. Nielson*, 300 Neb. 722, 915 N.W.2d 786 (2018).

[9] *In re Estate of Forgey*, 298 Neb. 865, 906 N.W.2d 618 (2018).

the admissibility of evidence is reviewed for an abuse of discretion.[10]

[6] Absent an equity question, an appellate court reviews trust administration matters for error appearing on the record; but where an equity question is presented, appellate review of that issue is de novo on the record.[11] When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[12] In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions concerning the matters at issue.[13]

[7] The interpretation of the words in a will or a trust presents a question of law.[14]

## ANALYSIS

The primary issue presented in this appeal is the apportionment of inheritance taxes. But before resolving that issue, we first dispose of a jurisdictional argument and then address the children's venue and evidentiary challenges.

### Jurisdiction

[8] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[15] The trustee and Miller contend that we lack jurisdiction to consider the children's

---

[10] *In re Trust Created by Isvik*, 274 Neb. 525, 741 N.W.2d 638 (2007).

[11] *In re Henry B. Wilson, Jr., Revocable Trust*, 300 Neb. 455, 915 N.W.2d 50 (2018).

[12] *In re William R. Zutavern Revocable Trust*, 309 Neb. 542, 961 N.W.2d 807 (2021).

[13] *In re Margaret L. Matthews Revocable Trust*, 312 Neb. 381, 979 N.W.2d 259 (2022).

[14] *In re Estate of Larson, supra* note 2.

[15] *Clason v. LOL Investments, supra* note 6.

venue challenge, because the children did not file a notice of appeal within 30 days after entry of the order transferring the case to Scotts Bluff County. They rely on the rule that where a notice of appeal is not filed within 30 days after the entry of a final order, an appellate court obtains no jurisdiction to hear an appeal from that order, and an attempt to appeal from that order must be dismissed.[16]

[9-13] Whether this court has jurisdiction to address the merits of the venue challenge turns on whether the order transferring venue was a final order. Appellate review under the Nebraska Uniform Trust Code is governed by Neb. Rev. Stat. § 30-1601 (Cum. Supp. 2022), which statute incorporates the rules of appealability in civil matters, including Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2022).[17] Under § 25-1902, a final order includes an order made during a special proceeding and affecting a substantial right. A substantial right is an essential legal right, not a mere technical right.[18] A substantial right is affected if an order affects the subject matter of the litigation, such as by diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken.[19] It is not enough that the right itself be substantial; the effect of the order on that right must also be substantial.[20] Having a substantial effect on a substantial right depends most fundamentally on whether the right could otherwise effectively be vindicated through an appeal from the final judgment.[21] A substantial right under § 25-1902 is not affected when that right can be effectively vindicated in an appeal from the final judgment.[22]

---

[16] See *Seid v. Seid*, 310 Neb. 626, 967 N.W.2d 253 (2021).

[17] See *In re Estate of Scaletta*, 312 Neb. 953, 981 N.W.2d 568 (2022).

[18] *In re Hessler Living Trust, supra* note 1.

[19] *Id*.

[20] *Id*.

[21] *Id*.

[22] *Id*.

[14] Generally, an order changing or declining to change venue is interlocutory and not directly appealable.[23] In considering whether a ruling on venue affects a substantial right, we determine that venue does not affect the subject matter of the litigation and that it can be effectively reviewed following a judgment. We conclude that under our final order jurisprudence, an order transferring venue to another county in Nebraska does not affect a substantial right. Thus, the children properly waited until entry of a final order or judgment to challenge the venue order. Having determined that we have jurisdiction, we proceed to consider the merits of the venue challenge.

## Venue

The children allege that the county court for Lancaster County abused its discretion in transferring venue to Scotts Bluff County. Relying on Neb. Rev. Stat. § 25-401 (Reissue 2016), the children contend that an action involving real estate must be brought in the county where the real estate is situated. But this was not an action "to recover damages for any trespass upon or any injury to real estate."[24] In sustaining the motion to transfer venue, the court stated: "It is apparent that the essence of the petition is <u>not</u> a recovery of real property. Rather, the essence of the petition is an effort to challenge the validity of certain Amendment(s) to the Decedent's Trust and certain actions by the Trustee." We agree.

Neb. Rev. Stat. § 30-3815 (Reissue 2016) specifically addresses venue for a judicial proceeding involving a trust. It provides, "If a trust is registered in Nebraska, unless the registration has been released, the venue is in the court in which the trust is registered, even if there is no trustee."[25] Because

---

[23] See, 4 Am. Jur. 2d *Appellate Review* § 132 (2018); 4 C.J.S. *Appeal and Error* § 171 (2019); 92A C.J.S. *Venue* § 274 (2021). See, also, *Romanchik v. Lucak*, 44 Ohio App. 3d 215, 542 N.E.2d 699 (1988).

[24] § 25-401.

[25] § 30-3815(c).

the trustee registered the trust in Scotts Bluff County, venue was proper there. We conclude that the court did not abuse its discretion by transferring venue to Scotts Bluff County.

## Admitting Extrinsic Evidence

The children next contend that the court erred in receiving the affidavit from the attorney who drafted the trust and in relying upon it to corroborate and clarify the decedent's intent. We have stated that unless a document is ambiguous, parol evidence cannot be used to vary its terms.[26] We disagree that the court relied on the affidavit.

The court's order showed that it based its decision on the language of the trust and an amendment. The first paragraph of the court's findings quoted the language of paragraph 7.a. of the trust, considered that together with the language of the third amendment, and stated that such language was "sufficiently clear to supplant the statutory inheritance tax pattern . . . that would otherwise presume equitable apportionment of the inheritance tax obligation among the various trust beneficiaries." Then, the third paragraph of the court's findings stated that "[t]he clear language of the document, corroborated by the affidavit of the attorney who crafted the relevant language of the trust, sufficiently clarifies the Settlor's specific desire that the source of payment for inheritance taxes was to be 'this trust,' . . . ." The order shows that the court referenced the affidavit to buttress its conclusion, which it based on the language of the trust and amendments.

[15] To the extent the court erred in receiving the attorney's affidavit, the error was harmless. In a civil case, the admission or exclusion of evidence is not reversible error unless it unfairly prejudiced a substantial right of the complaining party.[27] Here, the court's findings demonstrate that it based its decision on the language of the trust and amendment and not on the affidavit.

---

[26] *In re William R. Zutavern Revocable Trust, supra* note 12.

[27] *In re Estate of Walker*, 315 Neb. 510, 997 N.W.2d 595 (2023).

## Apportionment of Inheritance Taxes

[16,17] The inheritance tax is a tax on the beneficiary, not the decedent.[28] The burden of inheritance taxes will be imposed upon the individual beneficiaries of the decedent in accordance with the statutory pattern unless there is a clear and unambiguous direction to the contrary in the will or other governing instrument.[29] Generally, the fiduciary charged with distributing a decedent's property deducts the inheritance taxes from any property distributed or collects the tax from the legatee or the person entitled to such property.[30]

[18] Notwithstanding the default provisions of chapter 77, article 20, of the Nebraska Revised Statutes, a decedent's will or any written instrument executed inter vivos by the decedent may provide direction for the apportionment of the taxes assessed upon property subject to Nebraska inheritance tax.[31] A testator or settlor who wants to shift the burden of the inheritance tax may employ any word or combination of words that the testator or settlor desires, and a few simple words might be enough to show his or her intent.[32] But the direction in the will, trust, or other governing instrument must be clear and unambiguous in order to supplant the statutory pattern.[33] Any ambiguities are resolved in favor of the statutory pattern.[34]

In *In re Estate of Shell*,[35] we considered whether the language in a will supplanted the statutory pattern regarding inheritance taxes. The paragraph at issue there contained two sentences. The first sentence authorized the personal

---

[28] *In re Estate of Larson, supra* note 2.

[29] *Id.*

[30] *Id.*

[31] See Neb. Rev. Stat. § 77-2038 (Reissue 2018).

[32] See *In re Estate of Larson, supra* note 2.

[33] See *id.*

[34] *Id.*

[35] *In re Estate of Shell*, 290 Neb. 791, 862 N.W.2d 276 (2015).

representative "'to pay from the principal of my residuary estate . . . , all of my debts [and] all of the expenses of the administration of my estate.'"[36] The second sentence authorized the personal representative "'to pay from my probate estate, without contribution or reimbursement from any person, all inheritance, legacy or estate taxes . . . .'"[37]

In *In re Estate of Shell*, we concluded that the paragraph clearly showed an intent to treat inheritance taxes as an expense of the estate. We noted that the second sentence expressly referred to inheritance taxes and directed that they be paid from the probate estate, and we stated that courts generally have determined that language directing payment of estate and inheritance taxes exonerates the beneficiaries of their tax burden. We further observed that the second sentence immediately followed a direction in the first sentence to pay the testator's debts, expenses of his funeral, and expenses of the administration of his estate. We reasoned, "Coupling a direction to pay estate and inheritance taxes with a direction to pay the testator's debts, funeral expenses, and administration costs shows the testator's intent to pay the taxes off the top."[38]

Similar reasoning applies here. Paragraph 7.a. instructed the trustee to "pay from this trust all inheritance and estate taxes," whether on trust property or not. The next subpart, paragraph 7.b., directed the trustee to pay expenses and debts. Like in *In re Estate of Shell*, these instructions to pay the taxes and debts demonstrated the decedent's intent that the taxes be paid "off the top."[39] Further, the third amendment specified that the residence be "distributed outright" to Miller and that it be done before dividing the remaining trust property. We conclude the language of the trust clearly showed that the

---

[36] *Id.* at 793, 862 N.W.2d at 278.

[37] *Id.*

[38] *Id.* at 796, 862 N.W.2d at 280 (internal quotation marks omitted).

[39] *Id*.

decedent wished to shift the burden of the inheritance tax from the beneficiaries.

The children contend that the trust and amendments require that *all* the trust's assets—not just the residue—be used to pay the taxes described in the trust. We do not believe that this is consistent with our decision in *In re Estate of Shell*, nor that it is a reasonable interpretation of the documents here. We therefore affirm the decision of the county court.

## CONCLUSION

Having determined that the order transferring venue to a different county in Nebraska was not a final order and that the challenge was properly presented in this appeal, we find no abuse of discretion in transferring venue to the county where the trust was registered. We further find no reversible error regarding the children's evidentiary challenge. Because we agree with the county court that the trust's language provided clear direction that inheritance taxes be paid by the trust rather than by the individual beneficiaries pro rata, we affirm its decision.

Affirmed.